**Michael Evan BADER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–465–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

John T. Quinn, Bryan, for appellant.

Jim Kuboziak, Bryan, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

A jury found appellant, Michael Bader, guilty of criminal trespass. The trial court assessed a probated sentence of 180 days in jail and a $1,000.00 fine. No brief has been filed by the State. We reverse and remand.

The evidence adduced at trial may be summarized as follows. On April 26, 1985, after receiving several complaints about the appellant, Texas A & M Director of Security Robert Wiatt gave appellant a written criminal trespass warning. The document provided that if appellant entered campus property without prior permission, he would be arrested. It further stated that the prohibition would become "null and void" if appellant was readmitted as a student.

Texas A & M student Cyndi Snyder testified that on February 8, 1988, she saw appellant in a campus building and immediately notified the police, who arrested appellant for criminal trespass.

Tex.Penal Code Ann. § 30.05 (Vernon 1989) provides in pertinent part:

(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

(1) had notice that the entry was forbidden; or

(2) received notice to depart but failed to do so.

(b) For purposes of this section:

\*　　\*　　\*　　\*　　\*　　\*

(2) "notice" means:

(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

Appellant asserts by his third point of error that the evidence is insufficient to establish that he had notice that his entry on campus was forbidden on February 8, 1988, because his ban was no longer in effect, and there is no evidence that he knew the ban was still in effect. He specifically argues that he had re-enrolled for the 1985 summer semester and that the criminal trespass warning, by its own terms, had become null and void upon his re-admission prior to the date of the alleged offense in May 1988. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

At trial, appellant introduced without objection Defendant's Exhibit # 1, a letter dated April 30, 1986, which reads:

TO WHOM IT MAY CONCERN:

This letter is to certify that Michael E. Bader has been enrolled at Texas A & M University for the following semesters:

Spring Semester (1/17—5/6/83)

16 hrs. FT

Spring Semester (1/16—5/4/84)

11 hrs. HT

Summer Semester (6/3—8/14/85)

4 hrs. HT

The letter is signed by the university registrar, Donald Carter, and is under "certifying" seal that is placed on transcripts and certifications of enrollments at the University.

Carter testified that he did in fact receive an application for re-admission from appellant. The application, however, was dated January 28, 1985—approximately *three months before* appellant's suspension and banishment from the campus on April 26, 1985. Carter stated that nothing in his records brought to court showed that appellant re-applied for admission or was in fact re-admitted after April 26. However, the statement in the letter under seal that appellant was enrolled for the summer semester, June 3 through August 14, 1985, was not contradicted, impeached, or challenged. Wiatt testified that shortly after the issuance of the trespass warning, he personally told appellant that he could be considered for re-admission at Texas A & M *only* after satisfactorily completing two semesters at another university. Director of Student Affairs William Kibler verified that this was a condition of re-admission and stated that there was a block placed against appellant's re-admission on June 13, 1985, and that since that date, appellant has not been admitted as a student. This re-admission block took effect ten days after the commencement of the semester for which appellant had enrolled.

■ In view of the uncontradicted evidence that appellant was enrolled as a student for the summer semester beginning June 3, 1985, no rational finder of fact could have found that appellant had not been re-admitted as a student as of June 3, 1985, and thus, the notice barring him from campus was revoked by its own terms. The evidence is insufficient to support the conviction. Point of error three is sustained.

Appellant argues by his second point that the trial court erred in refusing to include in its charge an instruction based on the exclusionary rule as embodied in Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp.1989). Article 38.23 reads in part:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

The evidence which appellant, in his requested instruction, sought to have the jury suppress was testimony concerning "any oral or written communication or notice from Robert Wiatt" to appellant forbidding entry on to campus property. The requested instruction asked the jury to disregard such testimony if they found that Wiatt's decision to banish appellant unconstitutionally deprived him of his liberty.

■ The court did not err in denying this instruction. Assuming *arguendo* that the evidence raised an issue as to the constitutionality of Wiatt's order, the written notice of the order (i.e. the criminal trespass warning) would not constitute evidence "obtained in violation" of the Constitution; rather, it would merely be a documentation of the university's decision to forbid appellant's entry on to the campus. Under article 38.23, the unconstitutionality of this decision would not require suppression of the written notice to appellant. Since article 38.23 is inapplicable to the case at bar, we overrule point two.

In regard to point of error one, appellant, during a hearing on his motion for new trial, sought to prove that one juror, Beverly Bailey, changed her vote from "not guilty" to "guilty" on the condition that the remaining jurors would agree to grant appellant probation. The trial court received into evidence without objection an affidavit to this effect signed by Bailey. Appellant contends by his first point that the court erred in subsequently denying his motion for new trial.

Tex.R.Crim.Evid. 606(b) provides generally that a juror may not testify "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict." The rule further states, however, that a

juror *may* testify "as to any matter relevant to the validity of the verdict." Moreover, Tex.R.App.P. 30(b)(3) states that a new trial shall be granted "where the verdict has been decided by lot or in any other manner than by a fair expression of opinion by the jurors." No objection was raised to the admission into evidence of the affidavit of Juror Bailey; therefore, the applicability of Rule 606(b) of the Rules of Criminal Evidence is not before us.

In *Escarcega v. State*, 711 S.W.2d 400 (Tex.App.—El Paso 1986), *pet. dism'd*, 767 S.W.2d 806 (Tex.Crim.App.1989), the defendant, at a hearing on motion for new trial, presented affidavits of two jurors which stated that discussions regarding the certainty of the defendant's receipt of probation materially affected the jurors' decision to find the defendant guilty. One of the jurors also testified that his guilty vote was made on the condition that the defendant would receive probation. The court held that the evidence reflected harmful jury misconduct and that the trial court erred in denying the defendant's motion for new trial.

Likewise, we find in the instant case that the bargaining of a guilty verdict in exchange for probation, as reflected in Bailey's affidavit, indicates that the verdict was arrived at other than by a "fair expression of opinion" as contemplated by Tex.R.App.P. 30(b)(3). Given that Bailey's affidavit was uncontroverted by the State, we conclude that the trial court erred in failing to grant appellant's motion for new trial on the basis of jury misconduct. Point one is sustained.

The judgment of the trial court is REVERSED and the cause REMANDED TO THE TRIAL COURT FOR ENTRY OF AN ACQUITTAL.