Tommy Layne COURTNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–00–374 CR.

Court of Appeals of Texas, Beaumont.

Submitted March 2, 2001.

Decided April 11, 2001.

John Henry Tatum, II, Lufkin, for appellant.

Clyde M. Herrington, District Attorney, Albert J. Charanza, Jr., Assistant District Attorney, Lufkin, for the State.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

GAULTNEY, Justice.

■ The single issue in this case is ineffective assistance of counsel, which appellant Tommy Layne Courtney claims rendered his plea involuntary. A guilty plea is not voluntarily or knowingly made when it is the result of ineffective assistance of counsel. *Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Crim.App.1980).

Appellant pled guilty to sexual assault of a child and was sentenced to fifteen (15) years in the Texas Department of Criminal Justice, Institutional Division. Prior to appellant's plea, trial counsel filed a "motion for hearing on competency" in which he alleged that (1) appellant did not have sufficient understanding of the proceedings to be able to stand trial and (2) appellant was not competent to properly consult with trial counsel. After weighing the conflicting testimony of expert and lay witnesses, the jury found appellant competent to stand trial.

■ After the guilty plea and assessment of punishment, appellant timely filed a motion for new trial in which he claimed that, as a result of his mental condition at the time of trial, he "was not aware of the consequences of his plea." Although the motion for new trial does not include the issue raised on appeal—namely the issue of the involuntariness of the plea, filtered through an ineffective assistance claim, the evidence presented at the hearing on the motion for new trial bears directly upon that claim. At the motion for new trial hearing, the State did not object to a lack of notice that evidence relating to ineffective assistance of counsel would be presented, and the trial court received the evidence for consideration. Although the State, having no notice of the claim, did not present evidence of its own to counter the allegations regarding trial counsel's alleged "misinformation," the State cross-examined appellant, his wife, and mother on those matters. The ineffectiveness is-

sues, though not raised in the motion for new trial, were brought forward through evidence presented at the hearing on the motion for new trial. Consequently, we have a record, though we find it insufficient, from which to evaluate appellant's ineffective assistance claim. After hearing testimony from appellant, his wife, and his mother, the trial judge denied the motion for new trial.

On appeal, appellant urges his plea was involuntary, because his decision to plead guilty was based upon trial counsel's misinformation and erroneous advice. "If counsel conveys erroneous information to a defendant, a plea of guilty based on that misinformation is involuntary." *Fimberg v. State*, 922 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (citing *Ex parte Griffin*, 679 S.W.2d 15, 17 (Tex.Crim.App.1984)). Specifically, appellant claims the following misinformation was conveyed to him:

1. Trial counsel told him "on a guilty plea [he] would not receive more tha[n] the plea offer...." [1]

2. The attorney told him, along with his family, that "the Judge would not accept anything other than a guilty plea[,]" because he had, in effect, confessed in the statement he gave to the police.

3. Trial counsel did not read or explain the waivers and stipulations of the plea to him and "would not talk to him, but only wanted to talk to his wife or mother." [2]

On appeal, appellant claims he would have elected to go to trial, but for his trial attorney's misinformation.

The record shows that appellant entered a written guilty plea without a sentencing agreement. He does not contend there was any error connected with the written plea papers or with the trial judge's oral admonishments, both of which correctly state that the offense was a second degree felony with a punishment range of not more than twenty and not less than two years. *See* Tex.Pen.Code Ann. § 12.33 (Vernon 1994); Tex.Pen.Code Ann. § 22.011(f) (Vernon Supp. 2001). At the guilty plea hearing, the trial judge twice admonished appellant regarding the range of punishment and pointedly asked appellant if anyone forced him to enter a plea of guilty. Appellant replied "no." After the trial court and the attorneys expressly stated there was no plea agreement, the trial judge then asked appellant if anyone had forced him to enter his plea of guilty. Appellant again answered "no." Then came the following exchange between the trial judge and appellant:

THE COURT: Are you pleading guilty because you are guilty and desire to get this matter behind you?

DEFENDANT: Yes, sir.

THE COURT: Now you have signed some papers here today giving up certain rights, one of those is your right to a jury trial. And do you understand

---

1. Appellant maintains that trial counsel told him and Donna Courtney, his mother, that his punishment would not be greater than the ten years appellant was allegedly offered by the State. As the record reflects, appellant's counsel and the State engaged in plea negotiations, but no agreement was ever reached on punishment.

2. We consider by footnote appellant's claim that trial counsel did not read or explain the waivers and stipulations to him. Appellant testified the attorney "never told me nothing. He wouldn't talk to me. He wanted to talk to my wife or my mother." However, according to the testimony of both appellant's wife and his mother at the motion for new trial hearing, trial counsel talked to appellant, as well as them, out in the hall on the day of the plea about what was going to happen. According to Julie Courtney, appellant's wife, her husband did not read the plea papers, but the attorney did explain them to him "[t]o an extent." She and appellant's mother also testified the three of them met with trial counsel on "several occasions" prior to the plea hearing when the attorney "sometimes" talked to appellant. We find the evidence conflicting, and, as a result, conclude appellant has not met his burden of showing counsel was ineffective in that regard.

that you could have a jury hear the evidence against you and for them to decide if you're guilty or not guilty, and do you give up that right and agree for me to decide that?

DEFENDANT: Yes, sir.

THE COURT: You have the right to have a jury assess your punishment. Do you give up that right and agree for me to assess your punishment?

DEFENDANT: Yes, sir.

After instructing appellant on other matters, the trial court asked appellant if he understood all of his (the judge's) questions. Appellant replied "yes." The trial judge then asked if there was anything appellant wanted him to go over again or ask in a different way. Appellant said "no."

At the motion for new trial hearing, three witnesses—appellant, his mother, and his wife—testified; there was no testimony, either by affidavit or live testimony, from trial counsel. As we noted herein, the ground urged in the motion for new trial did not put the State on notice that ineffectiveness was being claimed. The pertinent part of the testimony is as follows:

1. Appellant's mother, Donna Courtney, stated that trial counsel told them (appellant, Donna, and appellant's wife) that appellant would get no more than the ten years he was offered, and probably less, because he pleaded guilty. She further testified they were told that appellant's statement to the police was an admission of guilt. According to Donna, the lawyer told her son to plead guilty.

2. Appellant's wife, Julie Courtney, testified that trial counsel explained the plea papers to her husband "to an extent," but he (appellant) did not read them. Neither did Julie. Like her mother-in-law, she indicated appellant did not understand what was happening when the plea was taken.

3. Appellant testified his attorney told him the judge would not give him any more than what the State had offered and that the "Judge wouldn't accept nothing but guilt." According to appellant, whenever his attorney would nod, appellant knew to answer "yes" to what the judge was saying.

Appellant urges the erroneous information, detailed above, influenced him to plead guilty "without a recommendation" and rendered his plea involuntary.

 Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences of his plea. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex.Crim.App.1999). Written admonishments signed by the defendant and the reporter's record showing that the defendant orally represented to the court that he understood the admonitions constitute a prima facie showing that the plea was voluntary. *Fuentes v. State*, 688 S.W.2d 542, 544 (Tex.Crim.App.1985). If the appellant was duly admonished, the burden then shifts to the defendant to show he entered his plea without understanding the consequences, such that he suffered harm. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App.1998). Once the accused attests that he understands the nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal his plea was involuntary. *McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

 Ineffective assistance may be raised indirectly as affecting the voluntariness of the plea, since, as noted herein, a guilty plea is neither voluntary nor knowing if made as a result of ineffective assistance of counsel. *Marshall v. State*, 28 S.W.3d 634, 638 (Tex.App.—Corpus Christi 2000, no pet.). Voluntariness is determined from the entire record. *See Martinez v. State*, 981 S.W.2d at 197. The voluntariness of the plea depends on (1) whether the attorney's advice was within the range of competence demanded of at-

torneys in criminal cases; and if not, (2) whether there is a reasonable probability that, but for counsel's errors, appellant would not have entered his plea and would have insisted on going to trial. *See Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim.App.1997). When evaluating an ineffective assistance claim, we look at the totality of the representation and the particular circumstances of the case. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must also affirmatively demonstrate the alleged misconduct. *Id.* In reviewing counsel's performance, we indulge a strong presumption that he acted within the wide range of reasonable professional assistance. *Id.*

 The defendant bears the burden of showing trial counsel's performance was deficient and that it is reasonably probable that he would have insisted on a trial if he had been properly advised. *See Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim.App.1999). When the record is silent as to possible strategies of counsel or the reasons for his advice or representations, we will not speculate on why he acted as he did. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Here, the only evidence in the record to support a claim of involuntariness is the testimony of appellant and his family members regarding advice and representations allegedly made by trial counsel.[3] The trial court observed the effectiveness of trial counsel,

heard the plea, observed the defendant and the demeanor of the witnesses, and is the judge of the credibility of their testimony. There is no evidence of the reasons counsel gave such advice, if, indeed, he did so, and no evidence of his strategy. In the absence of such a record, appellant cannot in this direct appeal overcome the strong presumption that trial counsel's strategy was reasonable from counsel's perspective at trial. The record before us is insufficient to support such a conclusion.[4] *See Blevins v. State*, 18 S.W.3d 266, 271–72 (Tex.App.—Austin 2000, no pet.) (Nothing in the trial record revealed counsel's trial strategy concerning the alleged deficiencies in representation, and in the absence of such a record, appellant could not on direct appeal overcome the strong presumption that trial counsel's strategy was reasonable.).

Consequently, we overrule appellant's issue and affirm the conviction.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully and reluctantly dissent. My dissent is reluctant because this appellate issue could have been easily avoided or convincingly resolved had the state called Mr. Courtney's trial counsel to testify at the motion for new trial hearing.[1] The lawyer would have either controverted or collaborated the testimony that Courtney had been advised his punishment would not exceed ten years.[2] Had the lawyer denied the assertion, then the trial

---

3. We note that two courts of appeals have held that a "defendant's claim he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary." *Tabora v. State*, 14 S.W.3d 332, 336 (Tex.App.—Houston [14th Dist.] 2000, no pet.) (quoting *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd)).

4. When a direct appeal does not provide an adequate record to evaluate a claim that might be substantiated through additional evidence gathered in a habeas corpus proceeding, a defendant's ineffective assistance claim will properly be raised through habeas cor-

pus, even if it had been rejected earlier on appeal. *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex.Crim.App.1997).

1. At the close of Courtney's evidence in the motion for new trial hearing, the state initially stated it would like the opportunity to confer with Courtney's trial counsel. When asked if the state was asking for a recess, the state responded "Well, no. I'll pass on it."

2. Courtney's mother and Courtney both testified the lawyer told Courtney the punishment would not exceed the offer of ten years.

judge would have been tasked to resolve the controverted issue and this court would have readily upheld that resolution, resulting in a unanimous affirmation. If the lawyer agreed he had made the misrepresentations then the trial judge may have very well granted a new trial, or, if not, this court would have most certainly reversed for ineffective assistance of counsel. *See Helton v. State,* 909 S.W.2d 298, 301 (Tex.App.—Beaumont 1995, pet. ref'd); *accord Ex Parte Moody,* 991 S.W.2d 856, 857 (Tex.Crim.App.1999).

Clearly the trial judge has the authority to determine the credibility of the witnesses, but when the evidence is uncontroverted, the failure to grant a new trial may amount to an abuse of discretion. *Smith v. State,* 530 S.W.2d 827, 830 (Tex.Crim. App.1975); *State v. Hartman,* 810 S.W.2d 22, 23 (Tex.App.—Beaumont 1991, no pet.); *Bader v. State,* 777 S.W.2d 178, 181 (Tex. App.—Corpus Christi 1989, no pet.). Consequently, I would hold the trial judge erred in failing to grant the motion for new trial and reverse and remand.