In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-479 CR


____________________



OSCAR CHARLES NEAL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 91091






MEMORANDUM OPINION



 Oscar Charles Neal appeals his conviction for the offense of Unauthorized Use of
a Motor Vehicle. The record indicates Neal pleaded "no contest" to the charge without
the benefit of an agreed punishment recommendation. Following the compilation of a pre-sentence investigation report ("PSI") in which community supervision was not
recommended, the trial court assessed Neal a term of eighteen years confinement in the
Texas Department of Criminal Justice - Correctional Institutions Division. In a single
appellate issue, Neal complains that his no contest plea was neither knowing nor voluntary
because of the ineffective assistance of his trial counsel.

 When a defendant challenges the voluntariness of a plea entered upon the advice of
counsel, contending that his counsel was ineffective, the voluntariness of the plea depends
upon (1) whether counsel's advice was within the range of competence demanded of
attorneys in criminal cases and if not, (2) whether there is a reasonable probability that,
but for counsel's errors, the defendant would not have pleaded "no contest" and would
have insisted on going to trial. See Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim.
App. 1999); Courtney v. State, 39 S.W.3d 732, 736-37 (Tex. App.--Beaumont 2001, no
pet.). However, it is now axiomatic that any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. See Bone v. State, 77 S.W.3d 828, 833 n. 13 (Tex. Crim. App. 2002). 
There is a strong presumption that any conduct by counsel fell within the wide range of
reasonable professional assistance. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). It is the defendant that bears the burden of proving by a preponderance of the
evidence that his counsel was ineffective. Id.

 It is well-settled in law that a guilty plea must be freely, knowingly, and voluntarily
made. See Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747
(1970); Mitschke v. State, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004). The
admonishments required by article 26.13(a) of the Texas Code of Criminal Procedure
apply in guilty pleas for felony offenses and may be made orally or in writing. Tex. Code
Crim. Proc. Ann. art. 26.13(d) (Vernon 1989 & Supp. 2005). When the record reflects
that a defendant was properly admonished, it presents a prima facie showing that the guilty
plea was knowing and voluntary. See Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998). The burden then shifts to the defendant to establish that,
notwithstanding the statutory admonishments, he did not understand the consequences of
the plea. Id. A defendant who asserted to the trial court that he understood the nature and
consequences of his plea and that it was voluntary has a heavy burden to prove on appeal
that his plea was involuntary. See McNeill v. State, 991 S.W.2d 300, 302 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd, untimely filed). 

 In the instant case, Neal contends his plea was involuntary "because he was advised
by his defense counsel that he would received [sic] probation since he had been accepted
in the 'Cenikor Program.'" He further alleges his plea was involuntary because "his trial
attorney did not explain to him the throughly [sic] the plea process. The Appellant
contends that he [sic] unaware that it would be the Judge and not a Jury to judge him." 
The record before us does not indicate that Neal filed a motion for new trial. A pro se
"Motion To Withdraw Plea," was filed but apparently not ruled upon. Needless to say,
therefore, we have nothing in the record supporting any of Neal's contentions with regard
to what his trial counsel advised him as to how he should plea, or as to any other part of
his case. The record does contain evidence of Neal's extensive criminal history including
at least sixteen prior misdemeanor convictions for which he served jail time, and at least
five felony convictions for which he received state jail or penitentiary time. Consequently,
we find it somewhat incredible that a part of Neal's involuntariness claim blames his trial
counsel for failing to thoroughly explain the plea process to him. 

 At any rate, upon examining the entire record before us we find that Neal was
admonished by the trial court in compliance with article 26.13, and that Neal indicated to
the trial court that he understood the charge against him and that his plea was an act of free
will. The record also reflects that the trial court explained to Neal that his plea was
entered without benefit of an agreed punishment recommendation with the consequence
that the trial court could assess a punishment of "probation," or up to "20 years" in the
penitentiary. Neal indicated that he understood these various punishment options. Neal
also indicated that he understood "everything contained" in the written judicial confession
he signed along with his trial counsel and the State's attorney, and that he signed it of his
own free will. Finally, Neal indicated to the trial court that he was "totally satisfied" with
the manner in which his trial counsel had handled his case. A plea is not involuntary
simply because the sentence exceeded what the appellant expected, even if that expectation
was raised by his attorney. West v. State, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986);
Malley v. State, 9 S.W.3d 925, 929 (Tex. App.--Beaumont 2000, pet. ref'd). 

 On the record before us, we find Neal has failed to carry his burden to show that
his plea was entered involuntarily or that he did not understand the consequences of his
plea. Furthermore, we find nothing in the record to rebut the presumption that trial
counsel's actions were well within the wide range of professional assistance available to
Neal under the particular circumstances of his case. The record indicates Neal had an
extensive criminal history and that the PSI did not recommend Neal's punishment include
community supervision. Trial counsel made as an effective and impassioned request for
community supervision as was possible in the face of Neal's extensive criminal background
and the negative PSI. The record before us fails to demonstrate any deficient performance
or lack of competence on the part of trial counsel. Neal's appellate issue is overruled. 
The judgment of the trial court is affirmed.

 AFFIRMED.



 ________________________________

 CHARLES KREGER

 Justice


Submitted on November 30, 2005

Opinion Delivered March 1, 2006

Do Not Publish 


Before McKeithen, C.J., Kreger and Gaultney, JJ.