IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00388-CR

No. 10-06-00389-CR

No. 10-06-00390-CR

No. 10-06-00391-CR

No. 10-06-00392-CR

 

Benizi Anselmo,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court Nos. 05-04153-CRF-272,
05-04618-CRF-272,

05-05174-CRF-272,
05-05175-CRF-272, and 05-05176-CRF-272

 



MEMORANDUM  Opinion










 

            Benizi Anselmo pled guilty to five
offenses under Texas Health & Safety Code section  481.112(a) and (d), one
offense under section 481.112(a) and(b), and one offense under section
481.112(a) and (c).  All offenses related to the possession with the intent to
deliver, delivery, or manufacture of a controlled substance, cocaine. 
Punishment was tried to the court without the benefit of a plea bargain.  The
trial court sentenced Anselmo to 45 years in prison in the five first degree
felony convictions, 2 years in a state jail facility in the state jail felony
conviction, and 20 years in prison in the second degree felony conviction.  Anselmo
appealed all his convictions.  Because the 45 year sentences were not
excessive, the guilty pleas were not involuntary, and counsel was not
ineffective, the trial court’s judgments are affirmed. 

Excessive Punishment

            Anselmo contends in his first issue
that the sentence of 45 years in each of his cases constitutes cruel and
unusual punishment in violation of the United States Constitution and the Texas
Constitution. Specifically, Anselmo argues that his punishment is excessive as
determined by a proportionality review under the Solem factors.[1] 


            Texas courts and the Fifth Circuit
Court of Appeals require a threshold determination that the sentence is grossly
disproportionate to the crime before addressing the elements of the Solem
test. Willis v. State, 192 S.W.3d 585, 596 (Tex. App.—Tyler 2006, pet.
ref'd) (citing Solem v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011,
77 L. Ed. 2d 637 (1983) (the proportionality of a sentence is evaluated by
considering (1) the gravity of the offense and the harshness of the penalty,
(2) the sentences imposed on other criminals in the same jurisdiction, and (3)
the sentences imposed for commission of the same crime in other
jurisdictions)).  In determining whether a sentence is grossly
disproportionate, we consider not only the present offense but also an
accused's criminal history.  Buster v. State, 144 S.W.3d 71, 81 (Tex.
App.—Tyler 2004, no pet.); Davis v. State, 119 S.W.3d 359, 363 (Tex.
App.—Waco 2003, pet. ref'd).  

            In support of his issue, Anselmo
argues that while he had no criminal history and was sentenced to 45 years in
each case, his co-defendant, who had a prior DWI, was given shock probation. 
Granted, Anselmo had no prior convictions; but he was arrested twice while
committing seven different transactions of possessing cocaine, totaling 178.827
grams, with the intent to deliver it.  A large amount of money, 70 grams of
marijuana, packaging, scales, spoons, and small baggies were found in his
apartment.  Further, it is undisputed that the sentences imposed by the trial
court are within the range of punishment authorized by the legislature.  The
punishment range is 5 to 99 years or life imprisonment.  See Tex. Health & Safety Code Ann. §
481.112(d) (Vernon 2003); Tex. Penal
Code Ann. § 12.32(a) (Vernon 2003).  

            Anselmo has not met the requirement of
a threshold determination that the sentences are grossly disproportionate to
the crimes.[2]  His
first issue is overruled.

Assurances of Counsel

            In his next two issues, Anselmo argues
that he received ineffective assistance of counsel because of counsel’s false
assurances as to Anselmo’s punishment and that because of the false assurances
as to his punishment, Anselmo’s guilty pleas were involuntary.

            When a defendant enters his plea upon
the advice of counsel and subsequently challenges the voluntariness of that
plea based on ineffective assistance of counsel, the voluntariness of such plea
depends on (1) whether counsel's advice was within the range of competence
demanded of attorneys in criminal cases and if not, (2) whether there is a
reasonable probability that, but for counsel's errors, he would not have
pleaded guilty and would have insisted on going to trial.  Ex parte Morrow,
952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing Hill v. Lockhart, 474
 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)); Courtney v. State,
39 S.W.3d 732, 736-737 (Tex. App.—Beaumont 2001, no pet.).  The defendant bears
the burden of showing trial counsel's performance was deficient and that it is
reasonably probable that he would have insisted on a trial if he had been
properly advised.  See Ex parte Moody, 991 S.W.2d 856, 858 (Tex.
Crim. App. 1999).

            If counsel conveys erroneous
information to a defendant, a plea of guilty based on that misinformation is
involuntary.  Ex parte Griffin, 679 S.W.2d 15, 17 (Tex. Crim. App.
1984); McGuire v. State, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981); Fimberg
v. State, 922 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet
ref’d).  But a defendant's claim he was misinformed by counsel, standing alone,
is not enough for us to hold his plea was involuntary.  Fimberg, 922
S.W.2d at 208; Pena v. State, 132 S.W.3d 663, 669 (Tex. App.—Corpus
Christi 2004, no pet.).  

            At the hearing on his motion for new
trial, Anselmo testified that his attorney explained that he would be sentenced
to 6 months in jail and 10 years’ probation (otherwise known as shock
probation).  He also said that was why he entered guilty pleas.  Anselmo’s
trial counsel, on the other hand, was quite adamant he did not promise Anselmo
that he would receive shock probation.  Counsel testified that he told him the
best case scenario would be shock probation but he also told Anselmo that he
could receive 99 years to life in prison.  At the plea hearing, the trial court
admonished Anselmo of the range of punishment for each offense and confirmed
that Anselmo understood the charges against him, the punishment range, and his
rights.  The court also confirmed that Anselmo was pleading guilty because he
was guilty and for no other reason.

            Based on the record we do not find
Anselmo’s pleas to be involuntary due to misinformation by his trial counsel. 
Anselmo’s assertion of misinformation, standing alone, does not establish that
his plea was involuntary.  And there is nothing in the record that
substantiates his assertion.  Because we do not find his plea to be involuntary
due to misinformation by his trial counsel, Anselmo has not sustained his
burden to establish even the first prong of his ineffective assistance claim on
the same assertion.

            Anselmo’s second and third issues are
overruled.

Translation of Plea
Hearing

            In his last issue, Anselmo contends
his plea was involuntary because there were errors in the translation of the
plea paperwork and the courtroom proceedings.  In assessing the voluntariness
of a plea, we review the record as a whole and consider the totality of the
circumstances.  Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998).  An admonishment on punishment is prima facie evidence that a
plea was knowing and voluntary.  Martinez, 981 S.W.2d at 197.  The
burden then shifts to the defendant to show that the plea was entered without
understanding the consequences thereof.  Id.

            The plea proceedings were interpreted
for Anselmo through a licensed interpreter.  The trial court admonished Anselmo
of the range of punishment for each offense, and Anselmo stated that he
understood.  Anselmo, as well as the interpreter, signed the written pleas,
waivers, stipulations, and judicial confessions.  But on motion for new trial, Anselmo
stated that the plea proceedings were translated very quickly, and he knew
enough English to know that the proceedings were not being translated word for
word.  He claimed that because the translation was inadequate, he did not
understand the proceedings fully.  In response, the State introduced an
affidavit from the interpreter who stated “I fully translated everything that
was said in court in a true and correct manner.  Moreover, I repeatedly asked
Mr. Anselmo, during the hearing, if I was going too fast or if there was
something he did not understand.  At no time during the hearing did Mr. Anselmo
ever state that he could not understand my translation.”  Further, Anselmo’s
trial counsel testified at the hearing on the motion for new trial that he had
met with Anselmo and talked with him on the phone without the need for an
interpreter because “Benizi speaks very good English.”  

            There is nothing in the record from
Anselmo’s guilty pleas to indicate that he did not understand the admonitions
or the proceedings.  Based on a review of the record, Anselmo did not meet his
burden to show that he did not understand the consequences of his pleas.  His
fourth issue is overruled.

Conclusion

            Having overruled each issue, we affirm
the judgments of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed October 24, 2007

Do
not publish

[CRPM]









[1] Solem
v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983).





[2] See
Oliver v. State, No. 10-06-00152-CR, 2007 Tex. App. LEXIS 6495 (Tex. App.—Waco Aug. 15, 2007, no pet. h.) (mem. op.); Nobles v. State, No.
10-06-00153-CR, 2007 Tex. App. LEXIS 6101 (Tex. App.—Waco Aug. 1, 2007, no pet.
h.) (mem. op.).