In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-25-00339-CR
EX PARTE MIRNA BRICEÑO DE AGUIL

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 24-04-05743

## MEMORANDUM OPINION

Mirna Briceño de Aguil ("Aguil" or "Appellant") appeals from the habeas court's denial of an application she filed for habeas relief under article 11.072 of the Texas Code of Criminal Procedure.[1] *See* Tex. Code Crim. Proc. Ann. art. 11.072. In the application, Appellant asked the habeas court to overturn a deferred adjudication order the trial court signed in May 2024 ("Deferred Adjudication Order") after Appellant pleaded guilty to an indictment charging her with felony possession of a

---

[1] We note that the clerk's record refers to Mirna Briceño de Aguil as Mirna Janeth Arias Briceño de Aguilar and Mirna Arias.

controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(b). Appellant complained her guilty plea was involuntary because she relied on her plea counsel's affirmative misrepresentation regarding the immigration consequences of her guilty plea. Appellant maintained that she was denied effective assistance of counsel due to her plea counsel's failure to investigate, accurately advise her of the immigration consequences of her plea, and allow her time for consultation and reflection before pleading guilty. Appellant argued that under the totality of the circumstances–including her limited English proficiency, lack of legal experience, and rushed plea consultation–her guilty plea fails to meet the constitutional standards of being knowing, intelligent, and voluntary.

Without conducting a hearing, the habeas court denied Appellant's writ application seeking relief from the Deferred Adjudication Order. The habeas court's order includes findings of fact and conclusions of law, which explain why the habeas court concluded that Appellant failed to prove she was denied effective assistance of counsel and to establish her plea was involuntary. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 7(a). Appellant appealed the denial of her application. *See id.* § 8. We affirm the trial court's order.

## BACKGROUND

Appellant, a native of Honduras, was a lawful permanent resident and longtime resident of Texas when she pleaded guilty to possession of a controlled

substance and was placed on deferred adjudication community supervision. Appellant is married to a lawful permanent resident with whom she has two children who are both citizens of the United States. In her 11.072 writ application seeking habeas relief, Appellant stated that her court-appointed plea counsel advised her that her plea would have no effect on her immigration status, and she relied on that advice and accepted the plea offer without understanding that it would trigger mandatory deportation and immigration detention. Aguil entered a plea of guilty on May 7, 2024. The trial court deferred a finding of guilt and placed Aguil on community supervision for a period of two years with standard conditions. In February 2025, Appellant was detained by Immigration and Customs Enforcement (ICE) and placed in removal proceedings based solely on the deferred adjudication order resulting from the plea of guilty.

Appellant explained that her plea counsel did not give her time to consult with an immigration attorney or to meaningfully comprehend the consequences of her plea. Appellant maintained that she had limited proficiency in English, that she assessed as a "4 out of 10" and was able to communicate at a basic level in specific work-related context, but her limitations "significantly impaired her ability to participate in her defense and to make an informed decision regarding her guilty plea." Appellant stated her English ability is "wholly insufficient for navigating legal

3

proceedings, understanding the consequences of a guilty plea, or evaluating the implications of criminal convictions on her immigration status."

Appellant sought habeas relief on three grounds: (1) involuntary plea due to plea counsel's affirmative misrepresentation of immigration consequences; (2) ineffective assistance of counsel; and (3) plea was not knowing, intelligent, or voluntary under the totality of the circumstances. Appellant explained that she met with her court-appointed plea counsel, Christopher Allen ("Allen"), immediately before her plea hearing, and during their brief interaction, Allen learned she had limited English proficiency, summoned an interpreter, and advised her to plead guilty and accept a deferred adjudication agreement. Appellant stated she was unable to follow much of the conversation either in English or Spanish and only understood that the case would eventually be dismissed and her criminal record would remain clean. Appellant stated that she specifically asked the interpreter whether the plea would affect her immigration status, and both the interpreter and Allen "responded unequivocally that it would not." Appellant explained that Allen did not inform her that pleading guilty would result in mandatory deportation proceedings or explain the serious consequences of a conviction for a controlled substance offense. Appellant was not given an opportunity to postpone the case to obtain competent immigration advice. Appellant stated that had she been properly advised, she would

4

have rejected the plea and proceeded to trial. Appellant attached her sworn affidavit, which is in Spanish and not accompanied by an English translation.

At the habeas court's request, Allen submitted an affidavit, in which he stated that he had a Spanish speaking law partner and two Spanish speaking staff members who handle many Spanish speaking clients. Allen handles a high volume of clients who are not United States citizens and is careful in navigating potential immigration issues with such clients. Allen always explains that he is not an immigration attorney and that clients need to consult an immigration attorney if they have any questions concerning how the resolution of their case would affect their immigration status. Allen was aware Appellant was a lawful resident and not a United States citizen, and he explained that his actions in Appellant's case conformed to his general practice with clients who are not United States citizens.

Allen's conversation with Appellant consisted almost entirely of immigration issues, and Allen discussed Appellant's criminal case and told her he had received an offer of deferred adjudication, which would prevent her from going into custody as a consequence of her criminal case. Allen also explained that a guilty plea would adversely affect Appellant's immigration status and result in mandatory deportation that would not be effected in court at the time of her guilty plea. Allen explained Appellant had the option to go to trial, the merits of the State's case, his reservations about being successful at trial, and that a guilty plea or conviction by a jury would

result in mandatory deportation, but that Appellant would not be immediately taken into custody following her plea. Allen stated that his conversation with Appellant was translated into Spanish by his legal assistant.

Allen explained that after informing Appellant about the immigration consequences, Appellant wanted to accept the State's plea offer, and Appellant confirmed she understood that a guilty plea would trigger mandatory deportation and immigration detention. Allen believed Appellant understood the immigration consequences of entering into the plea agreement and that she intelligently, knowingly, and voluntarily waived her rights and entered a plea of guilty. Allen explained Appellant was not taken into custody after her plea and that her primary goal appeared to be maintaining her freedom and not going into custody immediately. In fact, Aguil was not detained until February 2025. Allen stated Appellant made her decision to plead guilty after being informed about the consequences and given the opportunity to discuss any matters with an immigration attorney.

The State filed an Answer to Appellant's writ application, arguing Appellant failed to meet her burden to prove that Allen's erroneous advice rendered her plea involuntary. The State argued that Appellant's affidavit was not properly before the habeas court because it was not accompanied by a sworn English translation. The State argued that Appellant's signed admonitions provide a prima facie showing that

6

her guilty plea was knowing and voluntary. The State also argued that Appellant's untranslated affidavit fails to rebut the presumption that there was regularity with respect to her guilty plea absent a showing of the contrary or show that Appellant was misled about the consequences of her plea. The State noted that Allen's affidavit rebuts Appellant's unsupported factual assertions. The State argued Appellant's claim about Allen's ineffectiveness was not firmly founded in the record, Appellant's statements alone are insufficient to overcome the presumption that Allen's conduct fell within the wide range of reasonable professional assistance, and Appellant failed to demonstrate that she would have rejected the plea offer and insisted on going to trial but for Allen's advice.

The habeas court signed an order denying Appellant's request for habeas relief. The order includes findings of fact and conclusions of law. The trial court found, among other things, that Allen's affidavit was credible; Appellant's untranslated Spanish affidavit fails to provide competent evidence in support of her claims; Appellant's claims in her writ application that Allen advised her that her guilty plea would have no effect on her immigration status and that she could not understand Allen's advice, even as translated into Spanish, were not credible; the habeas court was familiar with Allen's performance and Allen was well qualified for appointment in felony cases; Allen communicated with Appellant using his Spanish-speaking assistant and credibly asserts that Appellant seemed to understand

7

and communicated well with him about the issues discussed; Allen credibly averred that he advised Appellant that a deferred adjudication plea to the charged drug offense would result in immigration detention and mandatory deportation; and Allen credibly states that Appellant understood the immigration consequences and chose to enter a guilty plea, which he believed was motivated by her desire to delay detention.

The habeas court concluded that an evidentiary hearing was not required because there remained no previously unresolved issues of material fact to the legality of Appellant's conviction and sentence; Appellant failed to prove that she was denied her right to the effective assistance of counsel; and Appellant failed to establish that her plea was involuntary.

Appellant filed a Motion for Reconsideration and Leave to File Applicant's Affidavit with Translation to Resolve Material Factual Disputes. Appellant sought leave to supplement the record with a certified English translation of her sworn affidavit that supports Appellant's ineffective assistance claim and stated that the lack of a certified English translation was a curable filing oversight and not a substantive deficiency. Appellant's habeas counsel explained that she did not exercise due diligence in supervising the work assigned to another attorney, who inadvertently overlooked filing Appellant's translated affidavit along with the writ application. Appellant included the sworn affidavit of the attorney who failed to file

Appellant's translated affidavit, and that attorney explained that the failure was a mistake on her part alone.

Appellant stated that "every material statement from [her] affidavit was incorporated *ad verbatim* into the body of the verified Writ petition[,]" and that her "pleading thus presents those facts in English under oath, satisfying the legal requirements for admissibility and credibility." Appellant argued that the trial court had "competent, verified factual allegations warranting full consideration, even without the translated affidavit." Appellant asked the habeas court to reconsider its ruling, admit a certified English translation of Appellant's affidavit, and vacate its order and schedule an evidentiary hearing to resolve any material factual disputes. Appellant attached an English translation of her sworn affidavit, which directly contradicts Allen's affidavit and states Allen did not inform her that pleading guilty would put her in mandatory deportation proceedings, and Appellant argued that her affidavit raises a factual dispute concerning her ineffective assistance claim that warrants an evidentiary hearing for a credibility determination. The trial court did not reconsider its ruling, and Appellant appealed the denial of her writ application.

## ANALYSIS

Appellant complains that the habeas court abused its discretion in denying her writ and failing to conduct an evidentiary hearing. Appellant argues that Allen's affidavit is not credible and since the trial court did not hold an evidentiary hearing,

9

the trial court did not have sufficient information upon which to exercise its discretion. Appellant argues the trial court's abuse of discretion includes: disregarding her sworn affidavit and ignoring her meritorious claim of ineffective assistance based on a curable procedural defect; finding Allen's affidavit credible; failing to correctly assess prejudice; and adopting the State's proposed findings of facts.

In reviewing the trial court's denial of a habeas petition, we "must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003)). A trial court abuses its discretion if it acts "arbitrarily, unreasonably, or without reference to the guiding principles of law in the case[,]" but does not abuse its discretion so long as its ruling lies within "the zone of reasonable disagreement." *See Ex parte Gallow*, 602 S.W.3d 605, 608–09 (Tex. App.—Beaumont 2020, no pet.) (citations omitted). In reviewing an appeal from a habeas court's ruling on an 11.072 writ, we give the habeas court almost total deference as to its findings of fact if its findings are supported by the record. *See State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). When the habeas court has resolved the habeas proceedings based on a factual dispute turning on the habeas court's evaluation of the credibility and demeanor of witnesses, even if no witnesses testify and all

evidence is submitted through affidavits, an appellate court will not overturn the habeas's ruling unless the applicant established that the habeas court abused its discretion in reaching its findings. *Id.*

*Evidentiary Hearing*

Appellant argues the habeas court abused its discretion by failing to conduct an evidentiary hearing. Article 11.072 does not require the habeas court to resolve any factual disputes by holding a hearing. *See* Tex. Code Crim. Proc. Ann. art. 11.072, §§ 6(b)-(c), 7(a). Article 11.072 gives the trial court discretion in resolving factual disputes, allowing it to "order affidavits[]" or to "rely on the court's personal recollection." *Id.* § 6(b); *see Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). This Court has held that a habeas court is not required to hold an oral hearing to determine whether to deny an 11.072 writ application alleging ineffective assistance of counsel. *Ex parte Franklin*, 310 S.W.3d 918, 922 (Tex. App.—Beaumont 2010, no pet.). Additionally, the habeas court is allowed to rely on its personal recollection in finding Allen credible, based on its familiarity with Allen's performance in court. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b). Since article 11.072 allows the habeas court to determine the merits of Appellant's claims based on the face of an application, affidavits, and its personal recollection, the habeas court did not abuse its discretion by failing to conduct an evidentiary

11

hearing. *See id.* §§ 6(b), 7(a); *Ex parte Franklin*, 310 S.W.3d at 922; *Ex parte Cummins*, 169 S.W.3d at 757-58.

While Appellant complains the trial court abused its discretion by disregarding her sworn affidavit and ignoring her meritorious claim of ineffective assistance based on a curable procedural defect, Appellant stated in her brief that the trial court had "competent, verified factual allegations warranting full consideration, even without the translated affidavit." Appellant explained that "every material statement from [her] affidavit was incorporated *ad verbatim* into the body of the verified Writ petition[,]" and the trial court found that Appellant's claims in her writ application were not credible. Thus, the trial court's order shows the trial court considered Appellant's ineffective assistance claim despite her failure to include an English translation of her sworn affidavit. That said, the trial court was not required to consider Appellant's untranslated Spanish affidavit with no accompanying English translation. *See* Tex. R. Evid. 101(e)(3)(a), 1009; *Leal v. State*, 782 S.W.2d 844, 849-50 (Tex. Crim. App. 1989); *Borski v. State*, 225 S.W.2d 180, 181 (Tex. Crim. App. 1949).

*Ineffective Assistance*

Appellant complains the habeas court erred by rejecting her ineffective assistance claim due to Allen's alleged failure to: investigate her case, accurately advise her of the immigration consequences of her guilty plea, allow her time to

12

consult an immigration attorney and reflect before pleading guilty, and verify her comprehension. Appellant argues that Allen's assertions in his affidavit, including informing her that pleading guilty would trigger mandatory deportation and immigration detention, were not credible.

Article 11.072 of the Code of Criminal Procedure allows a defendant convicted and sentenced to community supervision to challenge the legal validity of her conviction by filing a writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072, §§ 1, 2. In the habeas court, the "applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle h[er] to relief." *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002) (citations omitted). In a habeas proceeding where the applicant complains about ineffective assistance of counsel involving a plea bargain, she bears the burden of proving (1) her attorney's advice about the plea offer did not fall within the wide range of competence demanded of attorneys in criminal cases, and (2) her attorney's errors affected the outcome of the process that resulted in the defendant's plea. *See Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). As the applicant seeking habeas relief, Appellant had the burden to prove that a reasonable probability exists that, but for her attorney's alleged errors, she would not have

13

accepted the State's plea offer and insisted instead on going to trial. *See Ex parte Harrington*, 310 S.W.3d at 458.

Under settled standards that apply to claims of ineffective assistance of counsel, the defendant must prove the attorney who represented her performed deficiently and the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Bowman*, 533 S.W.3d 337, 349-50 (Tex. Crim. App. 2017); *Torres*, 483 S.W.3d at 43. Courts must measure whether the attorney was ineffective using an objective standard of reasonableness, which turns on whether the attorney represented the defendant in a manner that fell below the prevailing professional norms. *Strickland*, 466 U.S. at 687-88; *Ex parte Bowman*, 533 S.W.3d at 349-50; *Torres*, 483 S.W.3d at 43. We examine the totality of the representation in making this determination. *See Courtney v. State*, 39 S.W.3d 732, 737 (Tex. App.—Beaumont 2001, no pet.).

The evidence needed to prove an ineffective assistance claim must be based on facts firmly founded in the record from the proceeding in which the claim is made. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *see also Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). The defendant who claims to have been the victim of her attorney's ineffective assistance has the burden to create that record and to show that, but for her attorney's giving her ineffective assistance, she would not have pleaded guilty. *See Strickland*, 466 U.S. at 694; *Ex*

14

*parte Torres*, 483 S.W.3d at 43; *Nava v. State*, 415 S.W.3d 289, 307-08 (Tex. Crim. App. 2013). The defendant must prove both ineffective assistance and that, rather than pleading guilty, she would have chosen to face trial. *See Ex parte Torres*, 483 S.W.3d at 43 (citation omitted). In short, Appellant, as the habeas applicant, bore the burden of proof to establish by a preponderance of the evidence that her counsel was ineffective in one or both ways claimed. *See Ex parte Richardson*, 70 S.W.3d at 870.

When a person challenges the validity of a guilty plea entered upon the advice of counsel, the voluntariness of the plea depends on whether (1) counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, whether (2) there is a reasonable probability that, but for counsel's errors, the person would not have pleaded guilty and would have insisted on going to trial. *Ex parte Harrington*, 310 S.W.3d at 458; *Ex parte Arjona*, 402 S.W.3d 312, 314-15 (Tex. App.—Beaumont 2013, no pet.). The Sixth Amendment requires that the defense attorney for a criminal defendant provide advice about the risk of deportation arising from a guilty plea. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). When the law is not succinct and straightforward, a defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of deportation. *Id.* at 369. But the Supreme Court also explained in *Padilla* that if a deportation consequence is truly clear, as when the client is subject to automatic deportation, the duty to give correct advice is equally clear, and counsel must advise

the client accordingly. *Id.*; *see Ex parte Torres*, 483 S.W.3d at 46. The defendant must show that, had the immigration consequences been made known to her, a decision to reject the plea bargain would have been rational under the circumstances. *Padilla*, 559 U.S. at 372.

While Appellant claims that Allen did not advise her about the immigration consequences of pleading guilty, Allen's affidavit, which the trial court found to be credible, disputes Appellant's claim. The record includes the Admonitions to the Defendant For Plea to Court that Appellant signed, and those Admonishments provide a prima facie showing that Appellant's guilty plea was knowing and voluntary. *See Fuentes v. State*, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985); *Ex parte Arjona*, 402 S.W.3d at 318. In the Admonishments, Appellant agreed that she "reviewed and understood all the above indicated admonishments[]" and "was competent and aware of the consequences of the plea." The Admonitions state that "[i]f I am not a citizen of the United States of America, a plea of guilty or no contest for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(4). Allen signed the Admonitions and indicated that he "reviewed and explained all of the above indicated admonishments with the Defendant[]" and "believe[d] the Defendant is competent and aware of the consequences of the plea." The trial court also signed the Admonishments and found

16

that "Defendant received and understood the above admonitions, is sane and competent, and is aware of the consequences of the plea."

The trial court found that Appellant's claims in her writ application were not credible. Appellant's pleadings and her habeas counsel's arguments, which are not based on personal knowledge of events that occurred at the plea proceeding, are alone an inadequate basis for granting habeas relief under the circumstances in this case. *See Torres*, 483 S.W.3d at 49 (citations omitted). The trial court also found that Appellant's untranslated Spanish affidavit, which it was not required to consider, fails to provide competent evidence in support of her claims. The trial court correctly determined that it was not required to consider Appellant's untranslated Spanish affidavit since it had no accompanying English translation. *See* Tex. R. Evid. 101(e)(3)(a), 1009; *Leal*, 782 S.W.2d at 850; *Borski*, 225 S.W.2d at 181.

As the factfinder, the habeas court resolved the factual dispute concerning whether Appellant was denied the effective assistance of counsel by relying on the face of the writ application, Allen's affidavit, and its personal recollection. *See* Tex. Code Crim. Proc. Ann. art. 11.072, §§ 6(b), 7(a); *Ex parte Cummins*, 169 S.W.3d at 757. The trial court found that Allen's affidavit was credible and that Allen credibly averred that he advised Appellant about the immigration consequences of her guilty plea and believed Appellant understood the consequences and chose to enter a guilty plea to delay detention by immigration authorities. The trial court found that

Appellant was able to delay her detention for approximately nine months. In his affidavit, Allen also averred that he discussed with Appellant the facts of her case, the potential defenses, and his reservations about the ability to be successful at trial, which was "quite low." Allen stated that he gave Appellant the opportunity to discuss any of the matters with an immigration attorney.

Giving deference to the trial court's findings of fact, we conclude the record supports an inference that Allen advised Appellant that a guilty plea would result in deportation, as required by *Padilla*. *See Padilla*, 559 U.S. at 369; *Torres*, 483 S.W.3d at 43-46. Therefore, Appellant has failed to establish deficient performance as required by *Strickland*. *See Strickland*, 466 U.S. at 687. Since Appellant failed to carry her burden to establish deficient performance, we need not consider her complaint that the habeas court failed to apply the correct legal standard to properly assess whether she suffered prejudice. *See id.*; *Ex parte Bowman*, 533 S.W.3d at 350. We conclude the trial court did not abuse its discretion by concluding Appellant failed to prove that she was denied her right to the effective assistance of counsel.

Since Appellant failed to prove her ineffective assistance claim, Appellant has also failed to show her guilty plea was involuntary due to Allen's alleged ineffective assistance. Thus, we also conclude the trial court did not abuse its discretion by concluding Appellant failed to establish that her plea was involuntary. We overrule Appellant's issues and affirm the trial court's order.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on February 27, 2026
Opinion Delivered May 20, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.