Ex parte David Wayne GRIFFIN.

No. 69321.

Court of Criminal Appeals of Texas.

Oct. 31, 1984.

Marshall A. Shelsy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Eleanor Montague McCarthy, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

THOMAS G. DAVIS, Judge.

This is an application for habeas corpus filed pursuant to the provisions of Art. 11.07, V.A.C.C.P. On April 15, 1981, applicant was charged by felony information in

Harris County with burglary of a motor vehicle. That same day he pled guilty in return for dismissal of a second case pending against him in Harris County, and was assessed five years.

At the time he committed the burglary offense in Harris County, applicant was on ten years probation for burglary of a habitation in Walker County. Applicant was convicted in that case on October 9, 1979. A motion to revoke probation had been filed on May 9, 1980, and a capias had issued.

Applicant claims that as part of the plea agreement, the Harris County prosecutor promised him that his Walker County probation would be revoked and the sentence would be reformed to five years in that case, the time to run concurrently with his Harris County sentence.

Instead of revoking the probation, however, Walker County officials placed a "hold" on applicant when he entered the penitentiary to serve his five years on the Harris County conviction. The contents of the Walker County case file are reproduced in the record. As far as the record shows, the motion to revoke probation is still pending, and applicant continues on probation.

Applicant contends that the State broke its bargain, and that his conviction on a plea of guilty in the Harris County burglary is therefore invalid under the rule of *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

. The State denies that disposition of the Walker County case was part of the agreement. The trial court held an evidentiary hearing, made findings of fact and conclusions of law, and recommended that relief be denied.

 The State claims that we have no jurisdiction to hear this application, because applicant is not now in custody for the conviction he attacks. Applicant remains vulnerable to the collateral consequences of his conviction even if he is no longer in custody. *Ex parte Ormsby*, 676 S.W.2d 130 (Tex.Cr.App.1984). The record shows that applicant is under indictment in

Harris County for theft, and that the conviction he attacks has been used to enhance the indictment, as provided in V.T.C.A. Penal Code, Sec. 12.42. A habeas corpus applicant may collaterally attack a prior conviction used to enhance an indictment after conviction on the indictment even though he obtains no meaningful relief by his effort. *Ex parte Ridley*, 658 S.W.2d 177 (Tex.Cr.App.1983). It follows this applicant may attack the prior conviction used to enhance the indictment *before* he is convicted on it, and thereby diminish the punishment he risks.

At the evidentiary hearing, the assistant district attorney who had represented the State in the Harris County burglary prosecution testified that he had no independent recollection of the case. He said that he had reviewed the file of the case before the hearing, and that notations in it showed that the plea agreement was for five years confinement and dismissal of the second case. He said a notation in his handwriting indicated applicant was on ten years probation in Walker County. The file contained a note in someone else's hand "to contact someone in Walker County," but the witness did not know how the note got there.

The witness testified that it had been his practice to note on the file whether a plea bargain included running another case concurrently. He said that in the four months he had worked in the 262nd District Court, he and applicant's defense counsel worked on a number of cases together and that they would call "different jurisdictions for similar situations," but that, again, he had no memory of calling Walker County on that particular case.

Applicant's defense counsel testified that she had been court-appointed to represent him in the Harris County burglary prosecution. She said that applicant was charged with two cases, and that she learned he was on ten years probation out of Walker County. She remembered the Harris County prosecutor's calling Walker County and speaking to a prosecutor there. She remembered the Harris County prosecutor represented to her "that he had indeed

okayed a five-year plea to run concurrently." She made a notation in her case file that said "CC, okay"—"meaning that Walker County would run their time concurrently—had agreed to run their time concurrently with the time in Harris County." She understood the agreement to consist of a plea of guilty to the burglary and a five year sentence in return for dismissal of the second case and "that his time, if any, in Walker County would run concurrently." Counsel testified that she told applicant "that there was an agreement that his time could run concurrently."

Applicant testified that his understanding of the plea agreement was, "That if I would accept the five years offer from Harris County that Walker County would revoke my probation and give me five years to run CC." Applicant testified that his court-appointed counsel was the person who told him that his probation would be revoked in Walker County. He testified further that he was sent to the penitentiary in 1981 for the Harris County conviction, and that his Walker County probation was not revoked in 1981 or 1982.

After hearing the evidence summarized above, the trial court concluded as a matter of law that applicant had failed to prove that disposition of the Walker County case was a part of the plea agreement.

■ Applicant's burden is to prove his allegations by a preponderance of the evidence. *Ex parte Bates,* 640 S.W.2d 894 (Tex.Cr.App.1982). Defense counsel remembered that the prosecution "represented" to her that Walker County would revoke and run its sentence concurrently. She noted "CC okay" in her file and told her client that this concession was part of the plea bargain. The prosecutor's file, on the other hand, reflected an agreement of only two elements—a five year sentence and a dismissal. The prosecutor said that it had been his practice to note on the file if the plea bargain "involved running another case concurrently." On this disputed issue there is adequate evidence to support the trial court's conclusion that applicant failed

to prove that disposition of the Walker County case was part of his plea bargain.

While this is not a broken bargain under *Santobello v. New York,* supra, it is nevertheless clear that applicant's plea was not knowing and intelligent under the standard of *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

In *Brady* the Court wrote:

"The standard as to the voluntariness of guilty pleas must be essentially that defined by Judge Tuttle of the Court of Appeals for the Fifth Circuit:

" ' "[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." 242 F.2d at page 115.' " (Footnotes omitted)

*Brady v. United States,* 397 U.S. at 755, 90 S.Ct. at 1472 (quoting *Shelton v. United States,* 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc), rev'd on confession of error on other grounds, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)).

■ Under the standard, a plea of guilty is invalid if it is induced by defense counsel's direct misrepresentation that the State has made a concession which in fact was not part of the plea agreement. See and cf., *United States v. Marzgliano,* 588 F.2d 395 (3rd Cir.1978); *United States v. Pallotta,* 433 F.2d 594 (1st Cir.1970); *Petraborg v. United States,* 432 F.2d 1194 (7th Cir. 1970); *Tarnabine v. Warden,* 331 F.Supp. 975 (E.D.La.1971).

In several recent cases this Court has reversed convictions or granted habeas corpus relief because of a defense attorney's inaccurate advice to a defendant about the consequences of his plea of guilty. See *Ex parte Kelly,* 676 S.W.2d 132 (Tex.Cr.App. 1984); *Ex parte Stansberry,* —— S.W.2d

—— (No. 69,274, Tex.Cr.App. delivered July 11, 1984); *Ex parte Young,* 644 S.W.2d 3 (Tex.Cr.App.1983); *McGuire v. State,* 617 S.W.2d 259 (Tex.Cr.App.1981); *Ex parte Burns,* 601 S.W.2d 370 (Tex.Cr. App.1980).

■ The rule of the cases cited above is closely analogous to the proposition that a defendant is entitled to believe and rely on his attorney's account to him of the terms of a plea bargain, and that if his counsel's misrepresentation of the terms induces his guilty plea, he is entitled to relief. *McAleney v. United States,* 539 F.2d 282 (1st Cir.1976); see also *Ex parte Bratchett,* 513 S.W.2d 851, 852 (Tex.Cr.App.1974).

■ In the instant case, applicant alleges that he was induced to enter into a plea bargain agreement involving the Walker County case, and also that his plea of guilty was "involuntary because of the misinformation given to the [applicant]." The evidence shows that his counsel told applicant that the plea agreement included disposition of the Walker County case, when in fact it did not. As expressed to him, the agreement would eliminate applicant's exposure to future imprisonment on the Walker County case by allowing him to serve the sentence concurrently with that of the Harris County case. In fact, however, applicant remains subject to the risk of ten years imprisonment for his Walker County conviction. On these facts, applicant's plea of guilty was not a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *Brady,* supra, 397 U.S. at 748, 90 S.Ct. at 1469.

The State argues that "the actions and advice of Applicant's counsel should not be imputed to the State," citing *Rodriquez v. State,* 509 S.W.2d 319 (Tex.Cr.App.1974). We impute nothing to the State when we find that applicant was misled by his counsel. As we have said, this is not a broken bargain case; it is rather a case of a decision to plead guilty based on wrong information.

Relying on *United States v. Flores,* 616 F.2d 840 (5th Cir.1980), the State argues further that the expectations of applicant and his counsel alone are insufficient to invalidate the plea bargain, and that relief is not mandated when no more is alleged or proven than that applicant's expectation has been disappointed or that he or his counsel misunderstood his legal position. The court held in *Flores,* however, only that an evidentiary hearing to determine whether *a plea bargain has been broken* is not required by the bare allegation that the federal prisoner and his counsel misunderstood a consequence of the bargain. The issue of a broken bargain under *Santobello* is different, as we have pointed out, from the issue of inducement to enter the bargain through misrepresentations under the *Brady* standard.

The relief prayed for is granted. The judgment in Cause No. 332,969 is set aside. Applicant is ordered remanded to the Sheriff of Harris County to answer the indictment in that cause.