Audrey Jean Porter a/k/a Audrey Jean Winchester v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-027-CR

AUDREY JEAN PORTER A/K/A APPELLANT

AUDREY JEAN WINCHESTER 

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon her open pleas of guilty and true, respectively, the trial court found Appellant Audrey Jean Porter guilty of theft under $1500.00, enhanced by two prior theft convictions, and sentenced her to one year’s confinement in the State Jail Division of the Texas Department of Criminal Justice.

Appellant brings a single point on appeal, contending that her pleas of guilty and true were involuntary because she believed that she would receive community supervision.  Because we hold that Appellant’s pleas were voluntary, we affirm the trial court’s judgment.

Appellant signed an open plea form containing no sentencing recommendation.  She also conceded, on the record, that she understood there was no guarantee the trial judge would give her community supervision. Appellant, nevertheless, argues that because a cryptic notation appears at the bottom of the open plea form, we must conclude that she had been promised community supervision in exchange for her pleas.  The notation she hangs her hat on is “Prob. Prob. or Deferred.”

A guilty plea may be rendered involuntary either because it was coerced before or at the time the plea was entered or because the plea was based on a reasonable belief or promise that was not fulfilled.
(footnote: 2)  We, therefore, must look at the state of mind of the defendant at the time the plea was entered, and we must determine whether the result of the plea is consistent with agreements or promises reasonably relied on by the defendant.

As the State properly points out, a prima facie case is made that a plea was voluntarily and knowingly entered when the record shows that the defendant was properly admonished before the trial court accepted the guilty plea.
(footnote: 3)  A defendant who represents at trial that her plea was entered knowingly and voluntarily bears the burden of showing subsequently that the plea was not voluntary.
(footnote: 4)
 In the case now before this court, Appellant has wholly failed to sustain that burden.  The record contains her assurance that she understood that there was no plea bargain agreement and that no promises had been made to her.  The record clearly reflects that she was hoping for community supervision but that she understood whether she received it lay solely within the trial court’s discretion.  Her whole argument rests on her conclusion that the cryptic notation constitutes an assurance by the trial court that she would indeed receive community supervision if she would plead guilty to the theft allegations and true to the enhancement paragraphs in the indictment.  We are not prepared to make this unsubstantiated leap.  

We therefore overrule Appellant’s sole point on appeal and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  NOVEMBER 20, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Ex parte Griffin
, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984) (quoting 
Brady v. United States
, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)).

3:
Mallett v. State
, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001).

4:
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).