

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-07-026-CR

DONALD HAROLD BRADY                                             APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Donald Harold Brady appeals from his conviction for driving while intoxicated. In two points, he argues that his plea of guilty was involuntary because (1) the trial court did not follow the plea agreement and sentenced him to two extra days in jail and (2) no one told him that he would be ineligible for a commercial driver's license if he pleaded guilty to DWI. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## Background

Appellant pleaded guilty to DWI on November 6, 2006. The trial court found him guilty, assessed punishment at twenty days in jail and a $600 fine, and suspended his driver's license for twelve months. In the preprinted plea agreement in the record, in the "agreed recommendation" section, the numbers twenty and eighteen appear in the "days jail" blank; twenty is hand-written on the appropriate line, and eighteen is hand-written immediately above the twenty. A box labeled "DL SUSP" is also checked on the plea agreement, and written in a blank next to the checkbox is "1 yr." The reporter's record of the plea colloquy was not filed with this court, but the judgment recites that Appellant was sentenced "according to the terms of the plea bargain."

Appellant filed a motion for new trial on December 6, 2006, asserting that his plea was involuntary. The trial court held a hearing on the motion on January 19, 2007.[2] The following colloquy occurred at the hearing:

> [DEFENSE COUNSEL]: Okay. And, Mr. Brady, on or about November 4th or so, you entered a plea of guilty to the charge of driving while intoxicated in this case[.]
>
> A. Yes, sir.
>
> Q. Okay. And I believe your sentence was 15 days [sic] and something like a $900 fine [sic], or something like that.

---

[2] The State did not attend the hearing. Appellant's motion for new trial does not include a certificate of service, and nothing in the record suggests that the State had notice of the hearing.

A. Ten days [sic] and a $600 --

Q. Ten days [sic] and a $600 fine. Now, you plea bargained and had a lawyer for that case?

A. Yes, sir.

Q. And you plea bargained -- for that, and you did that willingly and knowingly, yes?

A. Yes, sir.

Q. Okay. And you were informed that your license would be suspended for a period of one year?

A. (Moving head up and down).

Q. Okay. And was it your understanding when you did the plea that you would be able to obtain an occupational license?

A. Yes, sir.

Q. Okay. And you were never informed that even if you did obtain an occupational license it would be towards [sic] operating a commercial vehicle during the period of your suspension?

A. No.

Q. And then you were never informed that you would be barred from operating a commercial vehicle legally during the period of suspension and[,] therefore, had you known that, you would not have entered the plea that you did?

A. That's right.

Q. Okay.

[DEFENSE COUNSEL]: That's all I've got on this proceeding, Judge.

THE COURT: All right.

Mr. Brady, did you understand, sir, and did I explain to you that when you took that plea, because I followed the plea bargain, it meant you had no right to appeal?

THE DEFENDANT: Um, I believe you did say that.

THE COURT: You believe I did?

THE DEFENDANT: Yes, ma'am.

[DEFENSE COUNSEL]: We're not disputing that that occurred because the record shows that occurred.

THE COURT: All right. That's all.

[DEFENSE COUNSEL]: Okay. Judge, for the record, I request that the Court grant a new trial.

THE COURT: Denied.

Although the trial court denied Appellant's motion for new trial, it amended the certification of Appellant's right to appeal from "this criminal case is a plea bargain case, and the defendant has NO right of appeal" to "this criminal case is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal after motion for new trial hearing on limited issue only." This appeal followed.

## Discussion

In his first point, Appellant argues that his plea was not voluntary (1) because he agreed to plead guilty in exchange for an eighteen-day sentence, but the trial court sentenced him to twenty days in jail and (2) because he was

4

misinformed about whether he would be able to obtain an occupational driver's license while his private driver's license was suspended. In his second point, he argues that the trial court erred by denying his motion for new trial for the same reasons.

A guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 127 S. Ct. 667 (2006). To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Id.* (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463 (1970)). An involuntary guilty plea must be set aside. *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 1713 (1969); *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). To determine whether a plea is voluntary, we consider the record as a whole. *Williams*, 522 S.W.2d at 485.

If counsel conveys erroneous information to a defendant, a plea of guilty based on that misinformation is involuntary. *Ex parte Griffin*, 679 S.W.2d 15, 17–18 (Tex. Crim. App. 1984); *McGuire v. State*, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981). A defendant's claim that he was misinformed by counsel, standing alone, is not enough to render his plea involuntary. *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). In cases in which a guilty plea has been held to have been involuntary, the record

5

has contained confirmation by counsel of the misinformation or documents properly in evidence augmenting the defendant's testimony that reveal the misinformation and show its conveyance to the defendant. *See, e.g., Griffin*, 679 S.W.2d at 15; *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); *State v. Hartman*, 810 S.W.2d 22, 23 (Tex. App.—Beaumont 1991, no pet.); *Murphy v. State*, 663 S.W.2d 604, 610 (Tex. App.—Houston [1st Dist.] 1983, no pet.).

In this case, Appellant testified at the hearing on his motion for new trial that he pleaded guilty willingly and knowingly. Although he argues on appeal that he was "misinformed" and "given misleading information"—by whom, he does not say—about his eligibility for a commercial driver's license, he testified at the new trial hearing merely that he was "never informed" that he would be ineligible for a commercial license. Even if we were to liberally interpret Appellant's testimony to mean that trial counsel misinformed him about his eligibility for a commercial driver's license, his testimony, standing alone, is not enough to render his plea involuntary. *See Fimberg*, 922 S.W.2d at 208. We therefore hold that Appellant has failed to show that misinformation from trial counsel or any other source rendered his plea involuntary.

With regard to Appellant's contention that the trial court did not follow the bargained-for plea agreement and sentenced him to an extra two days in jail, Appellant has not preserved his complaint for review. To preserve a

complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Preservation of error is a systemic requirement that this court should review on its own motion. *Archie v. State,* 221 S.W.3d 695, 698 (Tex. Crim. App. 2007); *Jones v. State,* 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997).

Nothing in the record suggests that Appellant complained to the trial court that it failed to follow the plea agreement; thus, Appellant has waived his complaint. *See Lanum v. State*, 952 S.W.2d 36, 40 (Tex. App.—San Antonio 1997, no pet.) (holding defendant waived complaint that trial court failed to follow plea agreement when he did not object at sentencing or in a motion for new trial).

Even if Appellant had preserved error by raising his complaint in the trial court, his complaint is not supported by the record. Both "20" and "18" appear on the plea agreement in the "days jail" blank, and Appellant does not explain

7

why the latter reflects his real agreement with the State. At the new trial hearing, both Appellant and counsel were wrong about the actual sentence, and neither mentioned eighteen days as the agreed-upon or actual sentence. More significantly, when asked by the trial court, Appellant agreed that the court had followed the plea agreement, or at least did not disagree with the court's representation that it had followed the agreement.

For these reasons, we overrule Appellant's first point. For the same reasons, we hold that the trial court did not abuse its discretion by denying his motion for new trial, and we overrule his second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.



ANNE GARDNER
JUSTICE

PANEL F: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: July 3, 2008

8