COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-026-CR

 

 

DONALD HAROLD BRADY                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Donald Harold Brady
appeals from his conviction for driving while intoxicated.  In two points, he argues that his plea of
guilty was involuntary because (1) the trial court did not follow the plea
agreement and sentenced him to two extra days in jail and (2) no one told him
that he would be ineligible for a commercial driver=s license if he pleaded guilty to DWI. 
We affirm.








                                            Background

Appellant pleaded guilty to
DWI on November 6, 2006.  The trial court
found him guilty, assessed punishment at twenty days in jail and a $600 fine,
and suspended his driver=s license
for twelve months.  In the preprinted
plea agreement in the record, in the Aagreed recommendation@ section, the numbers twenty and eighteen appear in the Adays jail@ blank;
twenty is hand-written on the appropriate line, and eighteen is hand-written
immediately above the twenty.  A box
labeled ADL SUSP@ is also
checked on the plea agreement, and written in a blank next to the checkbox is A1 yr.@  The reporter=s record of the plea colloquy was not filed with this court, but the
judgment recites that Appellant was sentenced Aaccording to the terms of the plea bargain.@   

Appellant filed a motion for
new trial on December 6, 2006, asserting that his plea was involuntary.  The trial court held a hearing on the motion
on January 19, 2007.[2]  The following colloquy occurred at the
hearing:

[DEFENSE COUNSEL]:  Okay. 
And, Mr. Brady, on or about November 4th or so, you entered a plea of
guilty to the charge of driving while intoxicated in this case[.]

 

A.  Yes,
sir.

 

Q. 
Okay.  And I believe your sentence
was 15 days [sic] and something like a $900 fine [sic], or something like that.








A.  Ten
days [sic] and a $600 --

 

Q.  Ten
days [sic] and a $600 fine.  Now, you
plea bargained and had a lawyer for that case?

 

A.  Yes,
sir.

 

Q.  And you
plea bargained -- for that, and you did that willingly and knowingly, yes?

 

A.  Yes,
sir.

 

Q. 
Okay.  And you were informed that
your license would be suspended for a period of one year?

 

A.  (Moving
head up and down).

 

Q. 
Okay.  And was it your
understanding when you did the plea that you would be able to obtain an
occupational license?

 

A.  Yes,
sir.

 

Q. 
Okay.  And you were never informed
that even if you did obtain an occupational license it would be towards [sic]
operating a commercial vehicle during the period of your suspension?

 

A.  No.

 

Q.  And
then you were never informed that you would be barred from operating a
commercial vehicle legally during the period of suspension and[,] therefore,
had you known that, you would not have entered the plea that you did?

 

A.  That=s
right.

 

Q.  Okay.

 

[DEFENSE COUNSEL]: That=s all
I=ve
got on this proceeding, Judge.

 

 








THE COURT: All right.

 

Mr. Brady, did you understand, sir, and did I
explain to you that when you took that plea, because I followed the plea
bargain, it meant you had no right to appeal?

 

THE DEFENDANT: Um, I believe you did say that.

 

THE COURT: You believe I did?

 

THE DEFENDANT: Yes, ma=am.

 

[DEFENSE COUNSEL]: We=re
not disputing that that occurred because the record shows that occurred.

 

THE COURT: All right.  That=s all.

 

[DEFENSE COUNSEL]: Okay.  Judge, for the record, I request that the
Court grant a new trial.

 

THE COURT: Denied. 

 

Although the trial court denied Appellant=s motion for new trial, it amended the certification of Appellant=s right to appeal from Athis criminal case is a plea bargain case, and the defendant has NO
right of appeal@ to Athis criminal case is a plea-bargain case, but the trial court has
given permission to appeal, and the defendant has the right of appeal after
motion for new trial hearing on limited issue only.@  This appeal followed.

                                             Discussion








In his first point, Appellant
argues that his plea was not voluntary (1) because he agreed to plead guilty in
exchange for an eighteen-day sentence, but the trial court sentenced him to
twenty days in jail and (2) because he was misinformed about whether he would
be able to obtain an occupational driver=s license while his private driver=s license was suspended.  In his
second point, he argues that the trial court erred by denying his motion for
new trial for the same reasons.

A guilty plea, to be
consistent with due process of law, must be entered knowingly, intelligently,
and voluntarily.  Kniatt v. State,
206 S.W.3d 657, 664 (Tex. Crim. App.), cert. denied, 127 S. Ct. 667
(2006).  To be Avoluntary,@ a guilty
plea must be the expression of the defendant=s own free will and must not be induced by threats,
misrepresentations, or improper promises. 
Id. (citing Brady v. United States, 397 U.S. 742, 755, 90
S. Ct. 1463 (1970)).  An involuntary
guilty plea must be set aside.  Boykin
v. Alabama, 395 U.S. 238, 244, 89 S. Ct. 1709, 1713 (1969); Williams v.
State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  To determine whether a plea is voluntary, we
consider the record as a whole.  Williams,
522 S.W.2d at 485. 








If counsel conveys erroneous
information to a defendant, a plea of guilty based on that misinformation is
involuntary.  Ex parte Griffin,
679 S.W.2d 15, 17B18 (Tex.
Crim. App. 1984); McGuire v. State, 617 S.W.2d 259, 261 (Tex. Crim. App.
1981).  A defendant=s claim that he was misinformed by counsel, standing alone, is not
enough to render his plea involuntary.  Fimberg
v. State, 922 S.W.2d 205, 208 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d).  In cases in which a guilty
plea has been held to have been involuntary, the record has contained
confirmation by counsel of the misinformation or documents properly in evidence
augmenting the defendant=s testimony
that reveal the misinformation and show its conveyance to the defendant.  See, e.g., Griffin, 679 S.W.2d at 15; Ex
parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); State v.
Hartman, 810 S.W.2d 22, 23 (Tex. App.CBeaumont 1991, no pet.); Murphy v. State, 663 S.W.2d 604, 610
(Tex. App.CHouston [1st
Dist.] 1983, no pet.).

In this case, Appellant
testified at the hearing on his motion for new trial that he pleaded guilty
willingly and knowingly.  Although he
argues on appeal that he was Amisinformed@ and Agiven misleading information@Cby whom, he does not sayCabout his eligibility for a commercial driver=s license, he testified at the new trial hearing merely that he was Anever informed@ that he
would be ineligible for a commercial license. 
Even if we were to liberally interpret Appellant=s testimony to mean that trial counsel misinformed him about his
eligibility for a commercial driver=s license, his testimony, standing alone, is not enough to render his
plea involuntary.  See  Fimberg, 922 S.W.2d at 208.  We therefore hold that Appellant has failed
to show that misinformation from trial counsel or any other source rendered his
plea involuntary.








With regard to Appellant=s contention that the trial court did not follow the bargained-for
plea agreement and sentenced him to an extra two days in jail, Appellant has
not preserved his complaint for review. 
To preserve a complaint for our review, a party must have presented to
the trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the complaining
party must have objected to the trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).    Preservation of error is a systemic
requirement that this court should review on its own motion.  Archie v. State, 221 S.W.3d 695, 698
(Tex. Crim. App. 2007); Jones v. State, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App.
1997).  

Nothing in the record
suggests that Appellant complained to the trial court that it failed to follow
the plea agreement; thus, Appellant has waived his complaint.  See Lanum v. State, 952 S.W.2d 36, 40
(Tex. App.CSan Antonio
1997, no pet.) (holding defendant waived complaint that trial court failed to
follow plea agreement when he did not object at sentencing or in a motion for
new trial).








Even if Appellant had
preserved error by raising his complaint in the trial court, his complaint is
not supported by the record.  Both A20@ and A18@ appear on
the plea agreement in the Adays jail@ blank, and
Appellant does not explain why the latter reflects his real agreement with the
State.  At the new trial hearing, both
Appellant and counsel were wrong about the actual sentence, and neither
mentioned eighteen days as the agreed-upon or actual sentence.  More significantly, when asked by the trial
court, Appellant agreed that the court had followed the plea agreement, or at
least did not disagree with the court=s representation that it had followed the agreement.  

For these reasons, we
overrule Appellant=s first
point.  For the same reasons, we hold
that the trial court did not abuse its discretion by denying his motion for new
trial, and we overrule his second point.

                                             Conclusion

Having overruled both of
Appellant=s points, we
affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    CAYCE, C.J.; GARDNER and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
July 3, 2008











[1]See Tex. R. App. P. 47.4.





[2]The
State did not attend the hearing. 
Appellant=s
motion for new trial does not include a certificate of service, and nothing in
the record suggests that the State had notice of the hearing.