

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00002-CR

**UDEZE ZEBULON AKUCHIE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 06-02145-CRF-272**

## MEMORANDUM OPINION

Udeze Akuchie appeals from the imposition of a sentence of incarceration for two years in the Texas Department of Criminal Justice – Institutional Division based on a plea of guilty to aggravated assault with a deadly weapon as a lesser-included offense of aggravated robbery. *See* TEX. PEN. CODE ANN. §22.02 (Vernon 2005). There was no agreement as to punishment. Akuchie complains that the trial court erred by denying his motion for new trial because he received ineffective assistance of counsel in that his trial counsel failed to notify him of a plea bargain offer, because his plea was involuntary due to his trial counsel's promise to him that he would receive a sentence of

a deferred adjudication community supervision rather than incarceration, and because he had been promised community supervision he also received ineffective assistance of counsel. Because we find that the trial court did not err by denying Akuchie's motion for new trial, we affirm the judgment of the trial court.

*Ineffective Assistance of Counsel*

To prevail on an ineffective-assistance claim, Akuchie must prove (1) counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Akuchie's first allegation of ineffective assistance is that he received ineffective assistance of counsel by his counsel's failure to convey a plea bargain offer made by the State to him. The State contends that Akuchie has waived this complaint by pleading guilty to the lesser-included offense. Waiver of all nonjurisdictional defects that occurred before a guilty plea entered without the benefit of an agreed sentencing recommendation, other than the voluntariness of the plea, occurs when the judgment of guilt was rendered independent of, and is not supported by, the claimed error. *Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). Akuchie does not contend that his plea was involuntary on this basis. We must then determine whether there is a direct nexus between the alleged ineffective assistance of counsel and Akuchie's plea of guilty.

A claim of ineffective assistance may or may not have a direct nexus with a defendant's guilt or innocence. *Martinez v. State*, 109 S.W.3d 800, 803 (Tex. App.—Corpus Christi 2003, no pet.). Here, there is no evidence that Akuchie would have pleaded not guilty had it not been for his counsel's alleged ineffectiveness in not conveying a plea bargain offer. Therefore, we find that, regarding the allegation of ineffective assistance of counsel for any failure to convey a plea bargain offer, the judgment of guilt rendered by the trial court was rendered independent of, and is not supported by, the alleged ineffective assistance of counsel. *See Young*, 8 S.W.3d at 666-67. As such, by pleading guilty without an agreed punishment recommendation, Akuchie has waived any complaint of ineffective assistance regarding his trial counsel's failure to convey the State's offer of a plea bargain to him for purposes of this direct appeal. *See Martinez*, 109 S.W.3d at 803.

### Voluntariness of Plea

Akuchie complains that the trial court erred in denying his motion for new trial because his plea was involuntary. Akuchie contends that his trial counsel promised him that in exchange for waiving his right to a jury trial and pleading guilty to a lesser-included offense he would receive deferred adjudication community supervision. He further contends that his trial counsel was ineffective for erroneously advising him that he would receive probation, and but for such erroneous advice, he would have not waived his right to a jury trial and would have instead chosen to go to trial on the greater offense.

A guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 127 S. Ct. 667, 166 L. Ed. 2d 514 (2006). To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Id.* (*citing Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)). An involuntary guilty plea must be set aside. *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 1713, 23 L. Ed. 2d 274 (1969); *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). To determine whether a plea is voluntary, we consider the record as a whole. *Williams*, 522 S.W.2d at 485.

When the record indicates that the trial court duly admonished the defendant, this presents a prima facie showing that defendant's plea was voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Jackson v. State*, 139 S.W.3d 7, 14 (Tex. App.—Fort Worth 2004, pet. ref'd). Defendants who previously admitted their pleas were voluntarily and knowingly made carry a heavy burden on appeal to prove otherwise. *Labib v. State*, 239 S.W.3d 322, 332 (Tex. App—Houston [1st Dist.] 2007, no pet.); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.).

It is undisputed that Akuchie received proper admonishments by the trial court regarding the range of punishment available to the trial court during the punishment hearing and that Akuchie testified that he understood that range of punishment. There was discussion of the first two years of incarceration being mandatorily served day-for-day, which Akuchie also affirmed that he understood. Akuchie also affirmed that he

was pleading guilty voluntarily and that he had not been coerced or promised anything in exchange for his plea. It is further undisputed that Akuchie signed a document entitled "Defendant's Plea of Guilty, Waiver, Stipulation and Judicial Confession" that also contained the proper admonishments regarding the range of punishment and a statement that Akuchie was pleading guilty voluntarily and with no promises of any kind. Additionally, Akuchie signed a written plea agreement which contained as the first handwritten element that the plea would be "open" and there would be no cap as to punishment recommended by the State. Further, after the judge announced his sentence, Akuchie was given the opportunity to address the trial court before the court formally sentenced Akuchie. Akuchie did address the trial court to apologize to the victim. Further, the trial court stated that the option of a deferred adjudication community supervision sentence was seriously considered but ultimately rejected, and neither Akuchie nor his trial counsel said anything in response.

If counsel conveys erroneous information to a defendant, a plea of guilty based on that misinformation is involuntary. *Ex parte Griffin*, 679 S.W.2d 15, 17-18 (Tex. Crim. App. 1984); *McGuire v. State*, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981). However, Akuchie's claim that he was misinformed by counsel, standing alone, is not enough to render his plea involuntary. *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). The corroboration of Akuchie's claims of promised probation by Akuchie's father is also insufficient. *Id*. In cases in which a guilty plea has been held to have been involuntary, the record has contained confirmation by counsel of the misinformation or documents properly in evidence augmenting the defendant's

testimony that reveal the misinformation and show its conveyance to the defendant. *See, e.g., Griffin*, 679 S.W.2d at 15; *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); *Murphy v. State*, 663 S.W.2d 604, 610 (Tex. App.—Houston [1st Dist.] 1983, no pet.). Akuchie has not made either showing. We find that Akuchie has not met his burden to show that his plea was involuntary.

*Ineffective Assistance of Counsel – Erroneous Advice*

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. It is critical that the necessary record be obtained in the trial court to rebut the Strickland presumption that counsel's conduct was strategic for purposes of appeal. *Thompson*, 9 S.W.3d at 814; *McCullough v. State*, 116 S.W.3d 86, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd.). When the record is silent as to counsel's reason for failing to act in some manner, the presumption that counsel acted reasonably is not rebutted. *See Thompson*, 9 S.W.3d at 814.

We believe the same to be true for instances where trial counsel is accused of erroneously advising a defendant. In this case, there is no response, either by affidavit or live testimony, as to whether the trial counsel agreed or disagreed that there was a conveyance of erroneous information. As such, we do not find that the record is sufficient to determine that Akuchie received ineffective assistance of counsel based on

an alleged promise of probation in exchange for his plea. Akuchie has cited no authority in support of his position where the trial counsel's actions were not addressed directly by trial counsel or demonstrated indirectly by demonstrative evidence in the motion for new trial or at the hearing on the motion and a claim of ineffective assistance of counsel was sustained. Akuchie's sole issue is overruled.

*Conclusion*

We find that the trial court did not err by denying Akuchie's motion for new trial on the basis of ineffective assistance of counsel or that his plea was involuntary. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed March 10, 2010
Do not publish
[CR25]