Jorge **DE LA GARZA,** Appellant

v.

The **STATE** of Texas, Appellee.

No. 14–08–00830–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 2009.

---

James Stafford, Houston, TX, for appellants.

Peyton Peebles III, Mandy Ann Goldman, Houston, TX, for appellees.

Panel consists of Justices ANDERSON, GUZMAN, and BOYCE.

## OPINION

EVA M. GUZMAN, Justice.

Appellant Jorge De La Garza pleaded guilty to the felony offense of money laundering. After a punishment hearing, the trial court sentenced him to fifteen years' confinement in the Texas Department of Criminal Justice, Institutional Division and assessed a $10,000 fine. In three issues, appellant argues the trial court abused its discretion by (a) denying his motion to withdraw his guilty plea, (b) overruling his motion for new trial, and (c) failing to conduct a hearing on his motion for new trial. In an additional issue, he asserts that his trial counsel was ineffective. We affirm.

## I. BACKGROUND

On May 6, 2008, appellant pleaded guilty, without an agreed recommendation on punishment, to the offense of money laundering. Specifically, he pleaded guilty to "unlawfully[ ] and knowingly acquir[ing], maintain[ing] an interest in, conceal[ing], possess[ing,] or transport[ing] the proceeds of criminal activity, namely, Possession of a Controlled Substance, and the value of the funds [was] $200,000 or more." After appellant signed written admonishments and waivers, the trial court concluded that his plea was freely and voluntarily made and accepted his guilty plea. The trial court continued the proceedings so a pre-sentence investigation could be completed.

On August 19, 2008, the trial court conducted a punishment hearing. Houston Police Officer Rick Reeves testified that he recovered a large sum of money, multiple ledgers, and materials for packaging money from an apartment shared by appellant and an individual identified as Saul Mendez. According to Reeves, appellant admitted that the funds, totaling in excess of $774,000.00, were proceeds from marijuana and cocaine trafficking. Appellant also testified at the punishment hearing. He admitted that he knew "exactly" what was going on and testified that unidentified individuals paid him to package the money and deliver it to another unidentified individual. Appellant stated, "I declare myself guilty ... of the charges." At the close of the hearing, the trial court found appellant guilty, sentenced him to fifteen years' confinement in the Texas Department of Criminal Justice, and assessed a $10,000 fine. Appellant timely filed a notice of appeal

Appellant filed a motion to withdraw his guilty plea and a motion for new trial on September 17, 2008. As is relevant to this appeal, he claimed in both these motions that his plea was involuntary because his trial counsel was ineffective for failing to explain that "proceeds" as used in the money-laundering statute means "prof-

its."[1] The trial court denied these motions without a hearing on October 14, 2008. This appeal timely ensued.

## II. Issues Presented

In his first issue, appellant asserts that the trial court abused its discretion by denying his motion to withdraw his guilty plea, which he contends was involuntary due to his trial counsel's ineffectiveness. He argues in his second issue that the trial court further abused its discretion in overruling his motion for new trial based on his involuntary guilty plea. In issue three, he asserts that his trial counsel was ineffective for failing to explain the ambiguity in the money-laundering statute regarding the term "proceeds," how this ambiguity would benefit appellant, and how his defensive arguments are supported by the subsequent decision of the United States Supreme Court, *United States v. Santos,* — U.S. ——, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008) (plurality op.). Finally, in his fourth issue, appellant complains that the trial court abused its discretion by failing to conduct a hearing on his motion for new trial.

## III. Analysis

### A. Ineffective Assistance of Counsel

■ Appellant's first three issues rest on the theory that his guilty plea was involuntary because it was based on the ineffective assistance of counsel. Specifically, he asserts that his trial counsel was ineffective by failing to (a) investigate and fully explain to appellant the law concerning money laundering and (b) properly advise appellant about the law so that appellant could make an informed and intelligent decision about his plea.

■ A defendant is entitled to reasonably effective assistance of counsel when entering a guilty plea. *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex.Crim.App.1997) (en banc). When a defendant pleads guilty on the advice of counsel and later challenges the voluntariness of his plea based on allegedly ineffective assistance of counsel, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial. *Id.* (citing *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) and *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *Kober v. State,* 988 S.W.2d 230, 232 (Tex.Crim.App. 1999).

Appellant contends that his trial counsel was ineffective for failing to investigate, inform, and advise appellant on an alleged ambiguity in the Texas money-laundering statute. This ambiguity, according to appellant, arises from the use of the term "proceeds" in the statutory language. *See* Tex. Penal Code Ann. § 34.02(a)(1) (Vernon Supp. 2008) ("A person commits [the offense of money laundering] if the person knowingly . . . acquires or maintains an interest in, conceals, possesses, transfers, or transports the *proceeds* of criminal activity . . . ." (emphasis added)). Appellant asserts that, after the United States Supreme Court's decision in *Santos,* the State would have been required to establish that "he possessed $200,000 or more *in profits* from criminal activity, namely, possession of a controlled substance." (emphasis added). He contends that his trial counsel was ineffective for failing to advise

---

1. He also asserted that the evidence was insufficient to support his plea in his motion for new trial, but has abandoned that claim on appeal.

him about the *Santos* decision and its impact on his case. We disagree with this contention for several reasons.

First and most importantly, *Santos* has no application to the present case. In that opinion, the United States Supreme Court construed the meaning of the word " 'proceeds' ... as it is used in the federal money-laundering statute." *Santos,* 128 S.Ct. at 2024. That statute is not at issue here.

■ Secondly, appellant misinterprets the holding of *Santos.* Although a plurality of four justices determined that "proceeds" means "profits" when used in the particular federal statute under review, appellant characterizes *Santos* as providing a general definition of the word "proceeds" that applies to the use of the same word in the Texas money-laundering statute. The opinion will not bear this expansive interpretation. Justice Stevens agreed only that " 'proceeds' means 'profits' *when there is no legislative history to the contrary."* *Id.,* 128 S.Ct. at 2031 (Scalia, J., joined by Souter and Ginsburg, J.J., describing the concurrence) (emphasis added); *see also id.* ("Congress has included definitions of the term 'proceeds' in some criminal statutes, but it has not done so in ... the money laundering statute at issue in this case.") (Stevens, J., concurring). And "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds....' " *Marks v. United States,*

430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) (quoting *Gregg v. Georgia,* 428 U.S. 153, 169 n. 15, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). Thus, the holding of *Santos* is only that, there being no legislative history to the contrary, the term "proceeds" in title 18, section 1956 of the United States Code means "profits."

■ Third, the plurality's rationale in *Santos* dictates a contrary result here. As the plurality pointed out, "The federal money-laundering statute does not define 'proceeds.' When a term is undefined, we give it its ordinary meaning." *Id.,* 128 S.Ct. at 2024 (plurality op.). But when the Texas legislature used the word "proceeds" in our State's money-laundering statute, it used a defined term: " '[p]roceeds' means funds acquired or derived directly or indirectly from, produced through or realized through an act." TEX. PENAL CODE ANN. § 34.01(4) (Vernon Supp. 2008). The term "funds" is defined to include "coin or paper money" and "currency or its equivalent." *Id.* § 34.01(2)(D). Thus, the term "proceeds" as used in the statute under which appellant was convicted is neither ambiguous nor synonymous with "profits."

In sum, we conclude appellant's trial counsel was not ineffective for failing to advise appellant about a potential decision from the United States Supreme Court [2] that has no application to appellant's case. Thus, ineffective assistance of counsel did not render appellant's guilty plea involuntary. And although appellant's first two issues concern rulings reviewable for an abuse of discretion,[3] our determination

---

**2.** *Santos* had not yet been decided at the time appellant pleaded guilty.

**3.** *See, e.g., Charles v. State,* 146 S.W.3d 204, 208 (Tex.Crim.App.2004), *superseded in part on other grounds by* TEX R.APP. P. 21.8(b), *as recognized in State v. Herndon,* 215 S.W.3d 901, 905 n. 5 (Tex.Crim.App.2007) (denial of

motion for new trial based on ineffective assistance is reviewed for abuse of discretion); *Saldana v. State,* 150 S.W.3d 486, 490 (Tex. App.-Austin 2004, no pet.) ("When ... a defendant decides to withdraw his guilty plea after the trial court takes the case under advisement or pronounces judgment, the with-

that appellant has failed to demonstrate the ineffectiveness of his trial counsel dictates our further conclusion that the trial court did not abuse its discretion in denying appellant's motions based on the same grounds. We therefore overrule appellant's first three issues.

## B. Hearing on Appellant's Motion for New Trial

 In his fourth and final issue, appellant argues the trial court abused its discretion by denying him a hearing on his motion for new trial. He contends that the motion and accompanying affidavit raised "matters otherwise not determinable from the record and upon which appellant might be entitled to relief."

 We review a trial court's decision to deny a hearing on a motion for new trial for an abuse of discretion. *Martinez v. State*, 74 S.W.3d 19, 22 (Tex.Crim.App. 2002) (en banc). The right to a hearing on a motion for new trial is not absolute; a defendant is entitled to a hearing only if the motion and affidavit raise matters that cannot be determined from the record. *Wallace v. State*, 106 S.W.3d 103, 107 (Tex. Crim.App.2003) (en banc). The purpose of a hearing is to give a defendant an opportunity to fully develop matters raised in his motion. *Martinez*, 74 S.W.3d at 21.

Here, appellant asserted in his affidavit that he pleaded guilty because his trial counsel told him "that possessing th[e] money was money laundering and did not tell [him] he had any defense .... [and] never told [him] that there was a difference between possessing any money at all and possessing profits." His motion for new trial, as noted above, rested on a complaint that his plea was involuntary because his trial counsel failed to advise

him that, under *Santos*, "proceeds" means "profits" or its meaning is ambiguous. But as discussed *supra*, the *Santos* decision concerns the construction of an undefined term in a federal statute, not ·the defined term used in the Texas statute under which appellant was charged.

No hearing was necessary to establish these matters, which instead were determinable as a matter of law, and appellant has not specified any issues not determinable from the record. *See Smith v. State*, 286 S.W.3d 333, 337–39 (Tex.Crim.App. 2009) (stating that a hearing is not required when matters raised in the motion are subject to being determined from the record). Thus, we cannot say the trial court abused its discretion in denying appellant a hearing on his motion. *See Darrington v. State*, 623 S.W.2d 414, 416 (Tex. Crim.App. [Panel Op.] 1981) (concluding trial court did not abuse its discretion by overruling motion for new trial without a hearing when "there were no issues presented in appellant's motion for new trial which required proof to be developed outside the record"). We therefore overrule his fourth issue.

## IV. CONCLUSION

Having overruled each of appellant's four issues, we affirm the trial court's judgment.

---

drawal of such plea is within the sound discretion of the trial court."); *Davis v. State,*

861 S.W.2d 25, 26 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (same).