**Opinion filed August 10, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00026-CR

_____

**BOBBY JACQUES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 15056-D**

### M E M O R A N D U M   O P I N I O N

Appellant, Bobby Jacques, was convicted of exploitation of an elderly individual, a third-degree felony. *See* TEX. PENAL CODE ANN. § 32.53(b), (c) (West 2016). Appellant was sentenced to eight years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In his sole issue on appeal, Appellant

contends that his guilty plea was involuntary because his trial counsel was ineffective. We affirm.

*Factual and Procedural History*

Appellant solicited money in exchange for promises to repair people's homes. One such person was Juanita Hernandez, who paid Appellant $2,500 to have Appellant level her house and repair a bathroom. After Hernandez provided Appellant with advance payment, Appellant dug "a hole in the . . . middle of the house" and "left [the] hole there," which filled with water when it rained. When Hernandez would call Appellant to work on the hole, he would work for about an hour and then leave. Sometimes Appellant did not even appear for work. Appellant did not complete the repairs. After the State filed a complaint against Appellant for exploitation of an elderly individual, Appellant returned Hernandez's money "so all charges [would] be dropped." The State indicted Appellant three weeks later.

Appellant entered an "open plea" of guilty to the charged offense. The trial court provided Appellant with verbal and written admonishments prior to accepting his open plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2022).

> THE COURT: All right. You and I need to talk about some documents, the first of which is called written plea admonishments. It sets out on the front page the possible punishment you're looking at. The range of punishment for a third-degree felony is two to ten years in the penitentiary and a fine of up to $10,000. You understand that.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: This document now sets out some rights that you've got. You're going to be waiving those rights as part of this open plea. You're waiving your right to a jury trial. You understand that.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You're also waiving your right to confront and to cross-examine witnesses regarding guilt/innocence. Did you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, there are some documents that talk about your right of appeal, called a certification of defendant's right of appeal. As part of an open plea, you partially waive your right of appeal. You waive it as to guilt/innocence. You retain it as to punishment issues. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, did you plead guilty because you are, in fact, guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had plenty of opportunity now to speak with Mr. Johnson [his attorney] about what your options are?[1]

THE DEFENDANT: Yes, sir.

THE COURT: You have a right to a jury trial or a trial before the Court regarding guilt/innocence; but if you open-plea today, you're not going to get that opportunity to challenge guilt/innocence. You understand that.

THE DEFENDANT: Yes, sir.

Trial counsel also confirmed that he believed that Appellant was competent and stated that Appellant understood the nature of the charge and the nature of an open plea.

The trial court held a sentencing hearing on January 21, 2022. After hearing testimony from eight witnesses, including Appellant, the trial court assessed Appellant's punishment at eight years' imprisonment in TDCJ. The trial court signed two certifications of Appellant's right to appeal, one after Appellant's guilty

---

[1]On September 22, 2021, Appellant signed a written waiver joined by his trial attorney representing, among other things, that "I am totally satisfied with the representation given to me by my attorney. My attorney provided me fully effective and competent representation." Appellant also signed a judicial confession and an application for community supervision.

plea had been accepted and the other after Appellant was sentenced, which specified that Appellant's right to appeal is limited to "punishment only."[2]

On appeal, Appellant states that his guilty plea was involuntary because his trial counsel was ineffective. Appellant contends that trial counsel "urged [Appellant] to plea to the court without an agreement without advising [Appellant] properly of the potential ramifications and outcomes of an open plea including a sentencing hearing." Appellant contends that the "trial attorney's failures are tantamount to ineffective assistance of counsel," and that, as a result, Appellant's plea of guilty was neither knowingly nor voluntarily made.

*Standard of Review*

A guilty plea must be knowingly and voluntarily entered into to be constitutionally valid. *Bousley v. United States*, 523 U.S. 614, 618 (1998). A guilty plea that is made as the result of ineffective assistance of counsel is not knowingly or voluntarily made and is, therefore, invalid. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012); *Courtney v. State*, 39 S.W.3d 732, 734 (Tex. App.—Beaumont 2001, no pet.). When a defendant pleads guilty on the advice of counsel and later challenges the voluntariness of his plea based on a claim of ineffective assistance of counsel, the voluntariness of the plea depends on (1) whether counsel's advice is within the range of competence demanded of

---

[2]While the trial court restricted its certifications of Appellant's right of appeal to punishment only, we note that, unlike the open plea in *Carson v. State*, the record does not show any consideration given by the State in exchange for Appellant's open plea of guilty (without an agreement on sentencing) that would render this waiver of his right to appeal valid. *See Carson v. State*, 559 S.W.3d 489, 494–95 (Tex. Crim. App. 2018) ("Consent to proceed to a bench trial . . . by itself is not sufficient to qualify as consideration for defendant's waiver of his right to appeal.); *see also Lewis v. State*, No. 11-19-00014-CR, 2020 WL 7414562, at *2–4 (Tex. App.—Eastland 2020, no pet.) (mem. op., not designated for publication) (in an open plea without the benefit of a plea recommendation by the State, the State's agreement to waive an enhancement paragraph can provide consideration for defendant's waiver of right to appeal, rendering such a waiver valid). We therefore address his contention that his guilty plea was involuntary based on trial counsel's alleged ineffective assistance of counsel. *See Carson*, 559 S.W.3d at 493–94; *Washington v. State*, 363 S.W.3d 589, 590 (Tex. Crim. App. 2012).

attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and instead would have insisted on going to trial. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010); *De La Garza v. State*, 296 S.W.3d 200, 203 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

The standard of review for Appellant's complaint of ineffective assistance of counsel is whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. *Id.* at 687. For the performance standard, we must determine whether Appellant has shown by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687. There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Isham* v. State, 258 S.W.3d 244, 250 (Tex. App.—Eastland 2008, pet. ref'd). To overcome this deferential presumption, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record contains no direct evidence of counsel's reasons for the challenged conduct, we "will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). We "will not conclude [that] the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent

attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

For the prejudice standard, we determine whether there is a reasonable probability that the outcome would have differed but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland*, 466 U.S. at 686; *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005). The reasonable probability must rise to the level that it undermines confidence in the outcome of the trial. *Isham*, 258 S.W.3d at 250. "[T]he analysis of the prejudice prong turns on whether the deficiency made any difference to the outcome of the case." *Walker v. State*, 406 S.W.3d 590, 599 (Tex. App.—Eastland 2013, pet. ref'd) (quoting *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012)). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result." *Id.* at 599 (quoting *United States v. Wines*, 691 F.3d 599, 604 (5th Cir.2012)).

*Analysis*

Any alleged ineffectiveness must be shown to be firmly founded in the record, and Appellant's assertions are not. We first note that Appellant did not file a motion for new trial. Thus, trial counsel has not had an opportunity to explain or defend his actions or trial strategy in response to the matters that Appellant contends were deficient. Furthermore, Appellant's allegations of deficient conduct are only asserted in his brief and thus, they are not firmly founded in the record. *See Thompson*, 9 S.W.3d at 814.

No statements from counsel or Appellant show that Appellant was pressured or coerced into pleading guilty. Appellant asserts that his trial counsel did not explain the basis of the State's allegations in its indictment, explain the options available to Appellant, or permit Appellant to choose freely. On the contrary,

Appellant's responses to the trial court's admonishments[3] affirmatively show that Appellant understood the proceedings and the consequences of pleading guilty, and that he had conferred with trial counsel about his available options.

We compare *Cisnero v. State*[4] that presents similar facts. Cisnero waived a jury trial and entered open pleas of guilty. *Cisnero*, 2002 WL 387096, at *1. The trial court sentenced Cisnero. *Id.* On appeal, Cisnero contended that his trial counsel's ineffective assistance rendered his guilty pleas involuntary. *Id.* Cisnero alleged that his guilty pleas were induced by his trial counsel's assurance that, if he pleaded guilty, he would receive lesser sentences from the trial judge. *Id.* But the record did not support Cisnero's complaint. *Id.* The court of appeals stated:

> [T]here was no plea bargain agreement in these cases. At the plea hearing, [Cisnero] testified that he reviewed the written plea admonishments in each case with counsel, understood the punishment range and consequences of pleading guilty to the offenses, and understood the trial judge could find him guilty on his pleas and assess punishment anywhere within the punishment range. [Cisnero] testified that no one promised him anything or persuaded him to plead guilty, and he was pleading guilty freely and voluntarily because he was guilty and for no other reason. When asked by the trial judge if he was satisfied with the advice and counsel of his attorney, [Cisnero] replied "yes."
>
> . . . .
>
> The fact that [Cisnero] received greater punishment than he hoped for does not render his pleas involuntary. There is nothing in the record that show[s] [Cisnero] was harmed or mislead [sic] by [trial] counsel or that the results of the proceeding would have been different.
>
> *Id.* (internal citations omitted). So it is here.

---

[3]In our analysis, we include the signed written plea admonishments, written waivers, and the judicial confession.

[4]No. 05-01-00641-CR, 2002 WL 387096, at *1 (Tex. App.—Dallas March 13, 2002, no pet.) (mem. op., not designated for publication)

To prevail on direct appeal based on a claim of ineffective assistance of counsel, an appellant is required to carry the "heavy burden" of demonstrating that, but for trial counsel's deficient performance, there is "a 'substantial,' and not just a 'conceivable,' likelihood of a different result." *See Walker*, 406 S.W.3d. at 599. The record before us does not show that Appellant was either pressured or coerced into pleading guilty, or that he received any questionable advice from trial counsel. Therefore, Appellant has not demonstrated, and we cannot say, that his trial counsel's performance fell below an objective standard of reasonableness. In context, Appellant's thorough exchange with the trial court at his plea hearing reflects an informed choice. Appellant was required to demonstrate a "substantial," and not just a "conceivable," likelihood of a different result. He did not. Therefore, we conclude that Appellant has not met his burden of proving by a preponderance of the evidence that counsel was ineffective. *See Strickland*, 466 U.S. at 687-88; *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). Accordingly, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


August 10, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.